Turney, J.,
delivered the opinion ot the court.
Husband and wife are not competent witnesses for or against each other under the acts of the Legislature of 13th of March,- 1868, and of 24th of February, 1870.
It was the intention of the Legislature in the use of the term “ party,” to confine it to persons sui juris, who were suing or being sued in his or her exclusive individual right. The interest meant is a pecuniary one.
In the case of Lockhart v. Luker, 36 Miss. R., 68, to which we have been referred, the argument that “the common law excludes the wife as a witness for her husband on the ground that they were one person in law, and as the husband could not testify for himself, *257 so his wife, who was identified with him in interest, could not testify for him, but the statute enables him to testify for himself, and the reason for excluding the wife is therefore removed,” is not, in our opinion, the true rule. It has been a very long established rule of chancery practice, that in matters of account a party charged may discharge himself by his own oath to the amount of five hundred dollars, in items not exceeding twenty-five dollars each.
That the answer of a defendant to a bill .not sworn to was of such weight -as evidence of its truthfulness as to require for its refutation two witnesses, or one witness with corroborating circumstances.
Many, perhaps all, the States of the Union have in their statutes a book debt law, by which a creditor is enabled by his individual oath to establish his debt to a designated amount within a prescribed time.
It is a rule of law and chancery practice that a party may file his petition and require his adversary to discover facts peculiarly within his knowledge and material to the prosecution or defense of the petitioner.
Now will it be, or was it ever, insisted, that because the husband in these instances might testify for, or be compelled to give evidence against, himself, it follows as a corollary, the wife is competent for or against him.
The common law places the rejection of such evidence upon the high grounds of public policy, and because greater mischief and inconvenience would result from the reception than the exclusion of such evidence. On this account it is a general rule that *258 the husband and wife can not give evidence to affect each other either civilly or criminally; for to admit such evidence would occasion domestic dissensions and discoi’d; it would compel a violation of that confidence which ought from the nature of the relation to be regarded as sacred, and it would be arming each of the parties with the means of offense which might be used for dangerous purposes: Sharswood’s Starkie Ev., 39. Ve see from this that it is the policy to secure peace to families and society.
Under the statute the party made competent is so against as well as for himself. "What is to be the working if the husband and wife may be witnesses against each other?
Take an action on the case against the husband for slander, or for damages to the widow and children for the killing of the husband and father, introduce the wife and invade the sacred limit of the family room to extort from her the angry or unguarded declarations of the husband, often made without intent or purpose, and one of two results will generally come of it: the wife will either commit perjury or we will have that domestic discord and dissension so much dreaded by the common law, terminating frequently in separation, disgrace and misery; and so it must be for stronger reasons if the husband is used as a witness against the wife — consequences that require as much, if not more, caution, circumspection and reticence, and as a sequence, less confidence in the communications between husband and wife than between strangers.
The acts of Assembly, taken together, are con- *259 elusive that it was not tbe intention of tbe Legislature to embrace husband and wife in the term 11 party/’ or in the expression, “ or may have an interest in the subject-matter thereof.”
The act passed 13th of March, 1868, is in these words: “That in all civil courts no witness shall be incompetent for the reason that he or she is a party to said cause, or may have an interest in the subject-matter thereof.”
The act of 26th November, 1869, is, “That in all cases, when husband and wife sue or are sued jointly, the wife shall not be held incompetent to testify as to the matter and substance in controversy that transpired while she was a feme sole or before marriage, although the husband may have an interest in the subject-matter of the controversy by the marriage.”
The act of 24th February, 1870, provides: “Sec. 1. That in all civil courts in this State, no person shall be incompetent to testify because he or she is a party to, or interested in, the issue tried.”
It is plain the Legislature passing the act of November 26th, 1869, did not understand the act of 13th March, 1868, as embracing husband and wife, but that it merely intended to make competent persons who had theretofore been incompetent for the abstract cause of pecuniary interest, hence the passage of the second statute making the wife competent in certain defined cases. We have holden at this term, in the case of East Tennessee, Virginia & Georgia Railroad Company v. Delaney and Wife, that the act of November, 1869, is, as to that case at least, a repeal *260 pro tanto of the act of March. 1868; but as the question is now directly presented and we are to construe the two acts together, we hold the second is an enlargement and not a restriction of the foi'mer, else there was no necessity for its passage, and it is a confusion of the law. It must be borne in mind that the Legislature which passed the law of November, 1869, is the same which enacted that of February, 1870, and having defined their understanding of the first by the enactment of the second, we must construe the third in the light of the two first, in order to arrive at a correct conclusion as to the meaning of the Legislature in its adoption. Therefore, the second act standing unrepealed and as an enlargement of the first, it unerringly falls out that the third is restrictive in its character, except as explained by the act passed less than three months before by the same Legislature.
In answer to the argument that in this case the husband has only such interest as he derives from his relation of husband, and in the event of his death the entire property is that of„ the wife, and that he is a mere nominal party, the suit surviving to the wife if he die, we refer to the former part of this opinion, adding that every rule for admissibility of evidence must be general, and remarking that in the event of the death of the husband, the wife surviving and offered as a witness by herself, a question very different from the one decided here would arise, about which we intimate no opinion.
He verse the judgment.