PATTON *v.* WILSON, Adm'r, etc.

2L 101
3L 621
4L 90
6L 246

1. EVIDENCE. *Widow. When a competent witness in a suit against her deceased husband.* In a suit brought by the personal representative of the intestate, to recover a debt created in the lifetime of the latter, the widow of the intestate is not a competent witness to depose to any statement of the husband, or any fact which came to her knowledge by means of the marital relation, but she would be competent to prove facts which came to her knowledge from other sources.

2. SAME. *Married woman. Competent witness when.* Upon a bill filed by a mechanic to enforce the lien given him by law for labor and material in the erection of a house, where the land sought to be reached has been conveyed to the sole and separate use of a married woman, the wife is a competent witness on her own behalf, although the deposition of the husband, who is a nominal party to the suit, has also been taken by her without objection by the other side.

3. SAME. *Husband and wife. When competent witness for each other.* Previous to the recent statutes declaring that no person shall be incompetent to testify because a party to the record or interested in the issue, the husband or wife was, in this State, incompetent to testify for or against each other in any suit in which the other was a party or interested; since these statutes, the husband or wife who is a party to the suit and directly interested, may testify on his or her own behalf, but the other would not be a competent witness, either for or against such party, to prove any fact which came to his or her knowledge by means of the marital relation, and the incompetency will continue after the marital relation has terminated.

---

FROM WILLIAMSON.

---

Appeal in error from the Circuit Court of Williamson County.    W. P. MARTIN, Judge.

J. G. WALLACE for plaintiff.

T. W. TURLEY for defendant.

COOPER, J., delivered the opinion of the court.

Robert Wilson, administrator *de bonis non* of the estate of John B. Patton, deceased, brought his action at law against James Patton for the recovery of $550.42, with interest from the 6th of January, 1869. The defense relied on was payment. The jury found a verdict in favor of the plaintiff below, and the defendant appealed in error. There is evidence to sustain the verdict, and the only error which can be relied on for reversal is in the admission of the testimony of Lavinia Patton, the widow of the plaintiff's intestate.

The defendant had borrowed from the intestate the amount of money sued for, but claimed that he had repaid it on the 6th of January, 1869, out of money that day received from one McCandless, for land sold to him by intestate, defendant, and W. D. Patton, all brothers. W. D. Patton was introduced as a witness, and proved that he was present when the McCandless money was divided between his brothers, the share of the defendant being $2700, and the share of the intestate $1950. He further deposed that, after the division, defendant asked intestate for the note which he held as evidence of defendant's indebtedness, adding that he wished to pay it. The intestate replied that the note was at home, and he would get it and hand it to defendant. That thereupon, the defendant counted out from his share of the McCandless money the sum due, and paid it to the intestate. It is proved by another witness that a few days afterward, the intestate not being able to find the note, had executed a

receipt to the defendant, to be held until the note could be found.

These facts are not denied by the plaintiff, but the theory upon which the action was brought is, that the money was returned by the intestate to the defendant, and the receipt surrendered. There is no direct evidence of these facts, if facts they be, but they are sought to be established by circumstances and the admissions of the defendant.

One of the circumstances most relied on was the possession by the intestate before, and at his death, of the receipt. Another circumstance, which rested alone on the testimony of the intestate's widow, was the amount of money carried home by the intestate on the 6th January, 1869.

The testimony of the widow, so far as it is necessary to be stated, all of which was admitted over the objections of the defendant, except one clause ruled out on objection, was as follows:

"She was the wife of John B. Patton, deceased. She always kept charge in his lifetime of his valuable papers, and also kept his money. After his death she found the receipt among his valuable papers. She knew the receipt by its color, *blue*, and saw it among his papers before his death, and knew it by its color, and the way it was folded." Then follows the clause, the objection to which was sustained: ("She said her husband told her, on the 6th of January, 1869, when he came home, that the money he handed her was the McCandless money.") Witness continued, objection being taken, but overruled: "She said the money was

in two rolls, that she counted the money, and found that there was in all $1950."

The bill of exceptions is so worded that it is not certain that all of this testimony was objected to. But so much of it as related to the receipt, and the last clause in relation to the money, were certainly objected to, and the objection overruled by the court. The possession of the receipt by the intestate at the time of his death, and the fact that the intestate, on the 6th of January, 1869, carried home only $1950 of the McCandless money, were important circumstances to rebut the defense of payment. The question is therefore directly raised, whether in a suit brought by a personal representative for the recovery of a debt due to his intestate, the widow of the intestate is a competent witness for her husband's estate, to prove facts which came to her knowledge by means of the marital relation.

By the common law, parties were, in general, excluded from being witnesses for themselves, and the rule was extended to husband and wife, neither of them being admissible as, a witness in a cause, civil or criminal, in which the other was a party. The exclusion of husband and wife was founded partly on the identity of their legal rights and interests, and partly on principles of public policy which lie at the basis of civil society. Co. Litt., 6b; *Barker* v. *Dixie Rep.Temp.*, Hardw., 264; *Vowles* v. *Young*, 13 Ves., 144. On the latter ground, whatever has come to the knowledge of either by reason of the confidence which the marital relation produces, cannot be given in testimony,

even though the other party be no longer living. *Monroe* v. *Twistleton*, Peak's Ev., App. 91, confirmed in *Aveson* v. *Lord Kincaid*, 6 East, 192; *Stein* v. *Bowman*, 13 Pet., 223.

The rule of the common law was fully recognized and adopted by this court in *Brewer* v. *Ferguson*, 11 Hum., 565, where upon an issue of *devisavit vel non* over the husband's will, the wife, although not interested in the result nor a party to the suit, was held incompetent to prove the "conduct and conversations" of the husband during the marital relation, tending to establish the alleged insanity of the husband. "We are not disposed," says Totten, J., in delivering the opinion of the court, to follow the cases referred to by the counsel, in which the rule of the common law, founded in public interest and policy, has been relaxed or qualified, as where it may seem to the court that the fact proposed to be proved is not of a confidential nature; or where the marriage relation no longer exists, by reason of a divorce, or the death of one of the parties, and the witness is adduced to prove facts or admissions that occurred during the marriage."

In *Kimbrough* v. *Mitchell*, 1 Head, 540, the husband had brought an action for damages for an assault and battery committed on him by the defendant, who was a brother of the wife. The wife, from whom the husband had obtained a divorce after the assault and before the trial, was offered as a witness by the defendant, to prove how the difficulty occurred between the plaintiff and defendant, and the ill usage of the husband which led to it. The witness was held to

Patton *v.* Wilson.

be incompetent. "The question," says McKinney, J., who delivers the opinion of the court, "is too plain to require either argument or authority. The former husband is a party to the suit. His interest is directly involved. And the main objects proposed in the examination of the former wife, are to show the abuse inflicted on her by her husband during the existence of the marital relation, and to justify or at least to palliate the battery committed upon him by the defendant in consequence of the alleged wrongs done her. If this were allowable there would be no stopping place, and in all cases, whether affecting the property, reputation, or even life of her former husband, she might be made a witness."

These rulings were followed in *Booker* v. *McAuley*, 4 Heisk., 424. There, on a suit against the personal representatives of a trustee, to charge him with the trust assets, the widow of the trustee, who had no interest in the event of the suit, was offered to prove the payment of money to the husband as a part of the trust fund, the amount paid, that the husband handed her the money at the time, that it remained in her possession except a definite sum loaned to a person named, and that she handed the identical money to the defendants as the administrators of the husband. The court held that the testimony was properly excluded. "We conclude, therefore," says Judge Freeman, after reviewing the previous decisions, "on high grounds of public policy, which demand to be upheld and maintained as subserving the general social interests of the community, that the wife was incompetent."

The rule has been construed by the courts of New York to exclude the husband from being a witness in a suit by a wife's trustee against third persons, since the provisions of the Code of that State doing away with incompetency on the ground of interest in the event of the suit. *Hasbrouk* v. *Vandervoost,* 9 N. Y., 153. And see *Burrell* v. *Ball,* 3 Sandf. Ch., 26; *Snyder* v. *Snyder,* 6 Binn., 483; *Hopkins* v. *Smith,* 7 J. J. Mar., 263.

In the meantime the Acts of 1868, ch. 75, and 1870, ch. 78, providing, with limited exception, that no person shall be incompetent to testify because he or she is a party to or interested in the issue tried, were enacted by the Legislature. Rev. Code, sec. 3813*a, et seq.* At the same session of the Legislature during which the last mentioned act was passed, it was also enacted that where the husband and wife sue or are sued jointly, the wife shall not be held incompetent to testify as to the matter in controversy "that transpired while she was a *feme sole* or before marriage, although the husband may have acquired an interest in the subject matter of the controversy by the marriage." Rev. Code, sec. 3813*f,* 1869, 19, 3. These acts came before this court for construction in *Goodwin* v. *Nicklin.,* 6 Heisk., 256, and the *East Tenn., Va. & Ga. R. R. Co.* v. *Delaney,* an unreported case there cited. It was there held that husband and wife are not made competent witnesses "for or against each other" by these acts. That was a suit by husband and wife, in right of the wife, against the third person, and the wife was offered as a witness to testify in her own behalf.

The court was of opinion that the action was, in effect, that of the husband, and the wife incompetent to give evidence for him. It was said, however, that in the event of the death of the husband, the wife surviving and offering to testify on her own behalf, a very different question would arise, about which no opinion was expressed. At the special term of this court at Jackson, in November, 1873, the case of *Guion and Smith* v. *Tuggle*, 1 Cent. L. J., was decided. The bill was filed by Annie Guion and Lucretia H. Smith, against Thomas R. and J. J. Tuggle and H. L. Guion, the latter the husband of Annie Guion, to have a certain deed executed by complainants and the husband to the lot in controversy declared void, upon the ground that it was handed to defendant Guion as an escrow, to be delivered to the grantee upon the payment of the purchase money to the complainants, and that they were wrongfully delivered upon the payment of the money to the husband. The depositions of both Guion and wife were taken, who contradicted each other upon the main point in controversy. The testimony of both was excluded. "The first question in this case," says Nicholson, C. J., who delivers the opinion, "is whether Annie Guion and her husband were competent witnesses against each other—she having been examined for complainants, and he having been examined for defendants. In their testimony they conflict and contradict each other in many material respects. We have held in several cases, that the recent acts declaring that no person shall be incompetent to testify because he or she is a party to the

Patton *v.* Wilson.

record or interested in the issue, was not intended to affect the rule of evidence which excludes the husband and wife from being competent witnesses for or against each other. This rule, so far as it rests on public policy, for the preservation of the harmony of the marital relation, continues in full force. In the present case the husband refused to join his wife as complainant, and hence she has made him defendant, merely to comply with the rule which is assumed in the bill to require that he must be a party. He has no real interest in the litigation. But, according to the testimony of his wife, he received the deed to be delivered to the grantees, upon the condition of the payment in cash of the price of the land to complainants, and not to the husband, and that he delivered the deed without a compliance with the alleged condition. The husband in his testimony denies that he received the deed upon any condition, but insists that he delivered the deed in pursuance of the contract, and received the purchase money for complainants with their sanction and approval. We think it clear that it would violate the well-settled rules of evidence to hold that such testimony by either husband or wife is competent. It comes directly in conflict with the reason on which the rule referred to is based."

The point is not decided, but the Chief Justice expresses the opinion that, inasmuch as the complainants rest their claim to relief on the same title and upon the same allegations of misconduct on the part of the husband, the husband was not a competent witness to testify against the complainant Lucretia H. Smith.

And certainly when the testimony goes to an act upon which both titles rest, as where it would relate to a fine upon which the title of the wife and others depended, it would seem to be inadmissible. *Langly* v. *Fisher*, 5 Beav, 443. Whether the rule would apply where the rights were distinct, although united in the same suit, might admit of grave doubt.

Treating the decision as merely maintaining the ruling that the statutes making parties competent, as witnesses do not enable husband and wife to testify against each other, the case is in accord with the current. If, however, it is to be construed as holding that merely because the husband and wife, introduced as witnesses, contradict each other, neither would be competent, either as to their own rights or the rights of third persons, its correctness would be more than doubtful. In a controversy between third persons, neither husband nor wife having a direct interest in the suit, they are, it seems, admissible as witnesses, although they contradict each other, or depose to facts to the prejudice of the other. *Henman* v. *Dickinson*, 5 Bing., 183; *Fitch* v. *Hill*, 11 Mass., 286; *Griffin* v. *Brown*, 2 Peck, 308; *Baring* v. *Ruder*, 1 Hen. & Mun., 168.

And certainly, since the statutes declaring that no person shall be incompetent to testify because he or she is a party to the record or interested in the issue, there can be no doubt that the husband or wife who is a party to the suit and directly interested may testify in his or her own behalf, although the other may not be admissible for or against such party. Before the statutes, the rule that an interested party to the

record could not testify, as well as the rule that the husband or wife of that party could not testify for or against him or her, prevailed; since the statutes, the latter rule alone remains. The party may be a witness, but his or her husband or wife as the case may be, cannot testify for or against such party, at any rate, as to facts brought to her or his knowledge by means of the marital relation. And the fact that the latter is a nominal party to the proceedings, without any interest in the result, would not change the rule. Accordingly, at the present term of this court, in the case of *Foster* v. *McVann and others,* where the point was directly raised, we have held that a wife might testify in her own behalf where the object of the suit was to reach her separate property, although the husband was a party and also examined as a witness without objection.

The bill was filed by a mechanic, under a contract with the defendant McVann, to enforce his lien on land for work and labor done and materials furnished in erecting a house. McVann being indebted to the defendant Maddox, had, in satisfaction of the debt, and in execution of a previous contract in parol, conveyed the land to the wife of Maddox, to her sole and separate use, the conveyance being made after the mechanic's debt had been created by the completion of the work. The defense on the part of the wife was, that the complainant, with full knowledge of the parol contract between McVann and her husband, had agreed to look alone to McVann for payment, and had waived the lien on the land given by the law for such work.

The depositions of both the husband and wife had been taken on behalf of the wife, but the complainant had only excepted to the wife's testimony. The Chancellor sustained the exception, in which this court held him to be in error. The wife was considered as competent to testify in her own behalf, although the husband was a nominal party defendant. No exception was taken to the evidence of the husband in the court below, and none, according to the settled ruling, could be made in this court. *German* v. *German*, 7 Col., 182; *Gunn* v. *Mason*, 2 Sneed, 637.

The rule, as modified by statute, now is, that a husband or wife, who is a party to and directly interested in a suit, may be a witness, but the husband or wife of such party, although nominally before the court, may be incompetent to testify for or against such party, on the ground of public policy. And incompetency depending on the relation of husband and wife, will continue after the marital relation has terminated by death or divorce.

In this view, the evidence of Lavinia Patton in support of the action of the personal representative of her husband, so far as it deposed to facts which came to her knowledge by means of the marital relation, was inadmissible. Under this rule would fall her statements, that she kept charge in his lifetime of her husband's valuable papers and his money; that she saw the receipt among his papers before his death; that the husband brought home money on the 6th of January, 1869; that the money was in two rolls, that she counted it, and found that there were in all $1950.

She would be competent to prove facts which came to her knowledge from other sources, and not by means of her situation as wife, although they may relate to the transactions of her husband. *Coffin* v. *Jones,* 13 Pick., 445; *Wells* v. *Tucker,* 3. Bin., 366.

It is doubtful whether, previous to the recent statutes, the husband or wife would have been competent as a witness for any purpose in this State, under our decisions. The actual rulings, when the decision is construed by the facts of the particular case, only go to the competency of the husband or wife to testify as to statements made by the other, and as to such facts as necessarily came to his or her knowledge by means of the marital relation. But the language of several of the learned judges seemed to recognize the rule as excluding the witness for any purpose. Previous to the recent statutes, such entire exclusion was the logical result of the rule, for the unity of interest of the husband and wife would necessarily exclude both, where either was incompetent. Since the statutes, however, incompetency by reason of direct interest, and *a fortiori,* of indirect interest through the husband or wife, is done away with. Incompetency on the score of public policy alone remains, and that should obviously be confined to facts derived from the marital relation alone—at any rate, after the relation has, as in this case, come to an end by the death of one of the parties.

No opinion is expressed whether in a direct suit between husband and wife, where each is a material

8—VOL. 2.

party, either can be a witness for or against the other, under the recent statutes.

The judgment must be reversed and the cause remanded for a new trial.