Jackson *v.* Jackson.

(*Nashville*, December Term, 1947.)

Opinion filed April 20, 1948.

HOMER B. WEIMAR, ANDREW D. TANNER, WALKER & HOOKER and K. HARLAN DODSON, JR., all of Nashville, for complainant.

ALFRED T. ADAMS, of Nashville, guardian *ad litem*, and WALKER CASEY, of Nashville, for Paul R. and Iris Long Morrison.

MR. JUSTICE GAILOR delivered the opinion of the Court.

In August 1944 Eburt Silas Jackson filed a bill in the Circuit Court of Davidson County, seeking an absolute divorce from his wife, Elsie Leone White Jackson, on the grounds of cruel and inhuman treatment. After this suit was filed, the defendant was adjudged to be a person of unsound mind and committed to the Central State Hospital. Thereafter Eburt Silas Jackson filed a bill in the Chancery Court to sell certain real estate in which he and his wife were jointly interested, and as an incident of the bill in Chancery, he sought consolidation and transfer of the divorce bill pending in the Circuit Court. The consolidation and transfer were ordered and the divorce petition heard by the Chancellor on depositions. On objection made by the guardian *ad litem*, so much of complainant's deposition as related to "transactions and conversations with and statements by" defendant were excluded in pursuance of the provisions of

Code, section 9779. The Chancellor then found the remaining evidence insufficient to justify decree for absolute divorce on the grounds of cruel and inhuman treatment, and denied the relief sought. On appeal, the Court of Appeals affirmed the action of the Chancellor.

The complainant has filed petition for *certiorari* in which he makes the same assignments of error as were made in the Court of Appeals:

(1) That the Chancellor was in error in applying Code, section 9779, and in excluding parts of Complainant's deposition.

(2) That the Chancellor erred in denying a decree for absolute divorce even after parts of the deposition were excluded, because the evidence, exclusive of complainant's testimony, was sufficient to warrant the relief sought.

█ Petitioner supports his first assignment by argument that since in a suit by one spouse against another, Code, section 9777, has been held not to apply, that therefore, construing Code, section 9779, in *pari materia* with Code, section 9777, we should adopt the same rule of construction and hold that in a divorce bill brought by the husband, he should be allowed to testify against his insane wife as to matters protected by Code, section 9779. The premises, on which this argument is based, are false for two basic reasons. Although Code, sections 9777 and 9779, were passed as sections of the same Act of the Legislature, the reasons actuating passage of section 9779 were entirely different and distinct from those actuating the passage of section 9777. Section 9779 was passed to protect the interests of those persons whose lips were sealed by death or disability, and section 9777 was passed to abrogate the old rule of the Common Law which denied the right to testify to those who were parties to the cause

or interested in its result. The reasons and purpose for the passage of the two sections were entirely different, and since there is no lack of clarity of word or phrase in either section, there is no basis for a construction of the two sections *in pari materia*.

█ In the second place, we find and are cited to no case where this Court has ever approved an exception to the prohibition of Code, section 9777, or permitted one spouse to testify against another in a suit brought directly by one spouse against another where there has been timely objection and exception preserved to such testimony. On the contrary, in two of our reported cases this Court has expressly reserved a decision of the point. In the case of *Patton* v. *Wilson*, 70 Tenn. 101, at page 113, COOPER, J., said:

"No opinion is expressed whether in a direct suit between husband and wife, where each is a material party, either can be a witness for or against the other, under the recent statutes."

Immediately after this reservation and doubt were expressed by Judge COOPER, the Legislature passed Chapter 200 of the Acts of 1879. The prohibitions in the sections of the Act which are now Code, sections 9777 and 9779, where absolute and contained no exception in favor of husband or wife when the suit was direct by one spouse against the other. It might reasonably be argued that with the opinion of *Patton* v. *Wilson*, *supra*, before it, the Legislature reaffirmed the law against rather than for the exception for which complainant contends. In its last statement (1935) this Court declined a decision of the question:

"It has not been decided that a husband or wife is incompetent as a witness as to the matters proscribed

when the litigation is directly between themselves. On the contrary, this question has been expressly reserved in *Patton* v. *Wilson*, 2 Lea (70 Tenn.), 101. *It is not necessary to determine the question here."* (Italics ours.) GREEN, C. J., *Hunt* v. *Hunt*, 169 Tenn. 1, 14, 80 S. W. (2d) 666, 671.

Evidently Judge GREEN did not recognize as contrary authority the case of *E. W. M.* v. *J. C. M.*, 2 Tenn. Ch. App. 463, and since that was not a decision of this Court we see no reason to recognize it here, in view of the foregoing statement in the case of *Hunt* v. *Hunt*.

■ We find the second assignment of error and the argument based thereon to be equally without merit. By the assignment it is insisted that the Chancellor and the Court of Appeals erred in refusing an absolute divorce even after the objectionable parts of complainant's deposition were excluded, since the depositions of third parties presented evidence sufficient to warrant the granting of the relief sought. Two Courts below have agreed that the admissible evidence is insufficient to justify a conclusion that complainant is entitled to an absolute divorce on the grounds alleged, and this Court cannot direct the Chancellor to draw a different inference or conclusion from the evidence, when the granting of an absolute divorce on grounds of cruel and inhuman treatment is a matter within his sound discretion. Code, sec. 8427.

■ Further, since the Chancellor and Court of Appeals have concurred in the inference that the admissible evidence is insufficient, the concurrence is binding on us and the issue is here foreclosed. *Conaway* v. *New York Life Ins. Co. et al.*, 171 Tenn. 290, 102 S. W. (2d) 66.

■ In effect, counsel for complainant argues that we should amend Code, secs. 9777 and 9779 by permitting

one spouse to testify against another in a suit for divorce. This, for the reason that cruel and inhuman acts occur most frequently in the absence of third parties and in the privacy incidental to the married state, so that unless such exception is allowed the cruel and inhuman treatment will be difficult of proof. This argument should be addressed to the Legislature, not to us. The Acts of the Legislature are clear and contain no language that would justify an exception by construction. As a Court we take the Act as it was written by the Legislature, not as we would write it. *Anderson* v. *Wilson*, 289 U. S. 20, 27, 53 S. Ct. 417, 77 L. Ed. 1004. Again it appears from our construction of section 9778 which undertakes to remove any limitation from the testimony of husband and wife in criminal cases, that this Court has by construction, inserted a limitation to protect from application of Code, sec. 9778, testimony of acts or statements of husband or wife which were 'not known to third persons. *McCormick* v. *State*, 135 Tenn. 218, 186 S. W. 95, L. R. A. 1916F, 382; *Cavert* v. *State*, 158 Tenn. 531, 14 S. W. (2d) 735; *Norman* v. *State*, 127 Tenn. 340, 155 S. W. 135, 45 L. R. A. (N. S.) 399.

We conclude that in the present state of Tennessee Law as it is evidenced by statutes and decisions, the trend is to exclude rather than admit testimony of one spouse against the other on matters known by reason of the marriage, and not known by third parties.

Since *Gardner* v. *Gardner*, 104 Tenn. 410, 58 S. W. 342, 78 Am. St. Rep. 924, did not consider Code Sec. 9777, in so far as it conflicts with our present holding, it is overruled.

The assignments of error are overruled and the writ denied.

All concur.