IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 20, 2001 Session

## WILMA LUCCHESI v. ALCOHOL AND LICENSING COMMISSION OF THE CITY OF MEMPHIS, TENNESSEE

**A Direct Appeal from the Chancery Court for Shelby County**
**No. CH-00-1368-3      The Honorable Floyd Peete, Chancellor**

---

**No. W2000-02911-COA-R3-CV - Filed July 19, 2001**

---

Liquor store owner applied to the Alcohol and Licensing Commission of Memphis, Tennessee for permission to transfer the liquor license to a new location pursuant to an ordinance allowing transfer to certain locations if the owner's location is taken by governmental action. The alcohol commission denied the application, and the liquor store owner filed a petition for writ of certiorari in the chancery court. The chancery court granted owner summary judgment, reversing the decision of the alcohol and licensing commission. The city has appealed. We vacate and remand.

**Tenn.R.App.P. 3; Appeal as of Right; Judgment of the Chancery Court is Vacated and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Robert L.J. Spence, Jr., City Attorney; Patti C. Bowlan, Deputy City Attorney, for Appellant, Alcohol and Licensing Commission of the City of Memphis, Tennessee

S. Ronald Lucchesi, Memphis, for Appellee, Wilma Lucchesi

C. William Denton, Memphis, For Amici Curiae, Retailers for Law Enforcement

### OPINION

On July 14, 2000, petitioner, Wilma Lucchesi (Lucchesi), filed her petition for writ of certiorari against respondent, Alcohol and Licensing Commission of Memphis, Tennessee (City), seeking to overturn the decision of City denying her request to transfer her liquor license to another location. The petition alleges that Lucchesi is the owner and operator of a liquor store in rental property at 4035 North Watkins Street, Memphis, Tennessee, and that in January, 1998, the landlord

was notified that the building was unsafe and must be repaired or demolished. The petition alleges that the only suitable property for Lucchesi to relocate is at 3118 Thomas Street, Memphis, Tennessee, and that Lucchesi applied to both the alcohol commission and the city council for permission to transfer the license to the new location. Lucchesi alleges that after hearings by both bodies, the transfer was approved pursuant to the provisions of Memphis City Ordinance Sec. 4-5, but that, because of an error in giving the required public notice for the hearing, the request had to be reheard by the alcohol commission and it was again approved. The petition avers that on July 5, 2000, the alcohol commission turned down Lucchesi's request[1] and that:

> [She] has been deprived of due process of law by the nature of the alleged hearing and the procedure therein, and that she has been deprived of a valuable property right without due process in violation of the Constitution of the United States of America and the Constitution of the State of Tennessee and that the Alcohol Commission of Memphis, Shelby County, Tennessee acted unreasonably and arbitrarily in this matter and that the decision was not based upon competent and credible evidence, but upon hearsay testimony and irrelevant and immaterial evidence.

The petition further avers that pursuant to Sec. 4-5 of the Memphis City Code, when the location is taken as a direct result of governmental action, transfer is allowed within certain distances and that the refusal of the commission to allow the move is in contravention of Memphis City Code Sec. 4-5. The petition seeks reversal of the commission's refusal to grant the transfer, and an order allowing the transfer.

City's answer to the petition for certiorari denies that the building occupied by Lucchesi is condemned and thus taken by City. The answer admits that there was initial permission given by the alcohol commission and city council for the transfer by virtue of Sec. 4-5 (c) of the Code of Ordinances and admits that there was an error of public notice and rehearing was required as alleged in Lucchesi's petition. City avers that while the petition was set for final approval before the city council, Lucchesi withdrew her application for transfer after a city attorney issued a legal opinion stating that the transfer was not permissible pursuant to Sec. 4-5 (c). The answer further avers that the instant petition was filed two years after the previous petition had been withdrawn by Lucchesi's voluntary action. The answer alleges that the alcohol commission denied Lucchesi's application because the proposed location of 3118 Thomas Street was within fifteen hundred feet of another liquor store, thus violated Sec. 4-5 (a). City further admits that Sec. 4-5 (b) of the Ordinance provides that a dealer compelled to relocate as a direct result of an action by a governmental body may be allowed to relocate within the radius of fifteen hundred feet but denies that Lucchesi was compelled to relocate due to any direct action of City and avers that the location of 3118 Thomas

---

[1] This decision is made on Lucchesi's application filed March 22, 2000 and is not related to the previous application which was withdrawn.

Street is not within a fifteen hundred foot radius of Lucchesi's existing location on North Watkins. The answer joins issue on the remaining allegations of the petition.

On September 14, 2000, Lucchesi filed a Motion for Summary Judgment asserting that the material facts are not in dispute and that the only issue is the interpretation of the Ordinance, Sec. 4-5 of the Code of Ordinances, City of Memphis. The motion alleges that Sec. 4-5 is ambiguous and unclear setting out the specific provisions. The motion sets out arguments in favor of the summary judgment motion based upon an undisputed fact that Lucchesi's property was taken by government action and, thus, Ordinance Sec. 4-5 (b) and (c) would be the controlling ordinances for any transfer of location. The motion contains a statement of undisputed material facts as follows:

> 1. Wilma Lucchesi has continuously owned and operated a liquor store known as the Lucchesi Liquor Store at 4035 Watkins/4022 Thomas in the City of Memphis for over 19 years.
>
> 2. In January 1998, the building housing the Lucchesi Liquor Store was condemned by the Memphis and Shelby County Office of Construction Code Enforcement.
>
> 3. Due to the condemnation, the Petitioner was forced to relocate the Lucchesi Liquor Store to 3118 Thomas, which was the only suitable rental property she could find.
>
> 4. The Petitioner promptly applied to both the Commission and the Memphis City Council for permission to relocate to 3118 Thomas. Both the commission and the Memphis City council initially approved the relocation pursuant to section 4-5.
>
> 5. The approval of both the Commission and the Memphis City Council referenced in paragraph 4 above was rescinded due to an error in the issuance of the required public notice.
>
> 6. The Petitioner immediately re-applied to the Commission for approval, which the Commission again granted.
>
> 7. On January 26, 1998, Deputy City Attorney Ken McCown issued his legal opinion that, because "other liquor stores" was omitted from subsection (c) of section 4-5, the Lucchesi Liquor Store could not be approved for relocation to 3118 Thomas. A true and correct copy of Deputy City Attorney Ken McCown's memorandum to Memphis City Councilman E. C. Jones, dated January 26, 1998, is attached as Exhibit 3. Subsequently, Ms. Lucchesi withdrew her petition.

8. In July 2000, Ms. Lucchesi revived her application and again petitioned the Commission for permission to relocate her license to 3118 Thomas. On July 5, 2000, the Commission denied the Petitioner's application on the basis that the proposed location of 3118 Thomas was within 1,500 feet of another retail liquor store, as measured pursuant to the specifications of section 4-5 (a), and thus violated section 4-5 (a).

City's response to the motion for summary judgment disputes that Lucchesi's property was condemned and therefore was not taken by governmental action. City disputes that she was forced to move due to the condemnation of the building and that the 3118 Thomas property is the only suitable rental property she could find. The response further asserts that the previous application by Lucchesi was withdrawn after an opinion was issued by the city attorney office that she did not come within the parameters of the relocation ordinance she was relying upon. The response points out that the new application, the one involved in this appeal, was filed in the spring of 2000. The response further presents legal arguments in opposition to the motion for summary judgment.

On October 20, 2000, the trial court entered an order granting Lucchesi's motion for summary judgment, and the order also incorporated therein the findings of fact and conclusions of law submitted by Lucchesi. City has appealed and presents the following issues for review, as stated in its brief:

> I. (A) Is City of Memphis Code of Ordinances § 4-5 rendered ambiguous and unclear by virtue of the omission of the words "other liquor store" from the location requirement exception provisions at § 4-5(c)?
>
> (B) Did the Court err in writing language into City of Memphis Code of Ordinances § 4-5(c) in order to establish a basis for granting summary judgment to the Petitioner-Appellee?
>
> II. Did the Court err in granting summary judgment to Lucchesi under City of Memphis Code of Ordinances § 4-5?

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Id.* In *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993), our Supreme Court stated:
> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by

affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 [now Rule 56.06] provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial.

*Id.* at 211 (citations omitted) (emphasis in original).

Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *Carvell v. Bottoms,* 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Bain*, 936 S.W.2d at 622. Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997).

The essence of the controversy before us stems from the applicability and interpretation of Memphis Code of Ordinances § 4-5, which provides as follows:

> **Sec. 4-5. Manufacture, sale, etc., near churches, schools or other public or private institutions or residential areas.**
>
> (a) No alcoholic beverages shall be manufactured, distilled, rectified, sold or stored on any premises located within one thousand five hundred (1,500) feet (as measured along the center line of the street or streets as defined further herein and applying to retail liquor stores located on either side of such street or streets) from any church (defined as property owned and used by a church having regular attendance at its meetings and whose property is exempt from taxation by the property assessor); school (defined as duly accredited public, private, or parochial school for grades one through twelve (12), or any other division of such grades); park (defined as public park upon which children usually play); library (defined as tax supported public library) or any other retail liquor store, or within a five hundred (500) foot radius in any other direction from any such church, school, park, library, or any other retail liquor store or in any area in violation of the zoning ordinances. The one thousand five hundred (1,500) feet shall be measured from a point in the center line of the public or private street (private street being defined to be a private passageway for vehicles in a multi-establishment commercial area of at least two (2) acres in size) on which the liquor store fronts, such point being directly opposite the center of the threshold of the wall of the liquor store if the threshold faces the street and if not, then at the midpoint of the liquor store building; thence along the center

line of the street and the center line of the intersecting street or streets to a point in the center line of the street opposite the nearest point to the property line of such church, school, park, library, or other liquor store which faces the public or private street. Such five hundred (500) foot restriction shall be measured from the center of the threshold of the store to the nearest point in the property line of such church, school, park, library, or other liquor store, it being the intent that no part of the property of such church, school, park, library, or other liquor store shall be within a radius of five hundred (500) feet from the point in the center of the threshold of the liquor store. The measurements set forth herein shall apply only to liquor store locations after September 17, 1986. For clarification as to location and continuous use for liquor stores receiving a permit before September 17, 1968, such business may continue as long as:

      (1) The store remains at the same location;

      (2) It is a continuing business without any intervening use; and

      (3) Any transfer of ownership to subsequent or succeeding owners occurs within a one-day period (twenty-four (24) hours) without the depletion of inventories.

At any time a license is surrendered, all prior existing rights are nullified. In addition to the above set forth restrictions on location due to measurement of such school, church, park or library, or any other liquor store, no liquor store may be located where any part of any residential property zoned RS-15, RS-10, RS-8, RS-6, RD or R-TH shall be within a radius of two hundred (200) feet from the point in the center of the threshold of the wall of the liquor store if the threshold faces the street and if not, then at the midpoint of the liquor store building. Liquor stores having received permits before September 17, 1968 shall be allowed to remain so long as they otherwise meet the ordinances. The subsequent location of a church, school, park or library nearer to the liquor store than the prescribed distance shall not of itself cause the removal of the liquor store so long as the liquor store remains at the same location. Likewise, should any real property be already zoned or which is rezoned RS-15, RS-10, RS-8, RS-6, RD or R-TH within the radius of such two hundred (200) feet above described, such zoning or rezoning shall not

of itself cause the removal of the liquor store as long as the liquor store remains in the same location.

(b) The foregoing provisions of this section shall not apply to the relocation of any retail dealer who is compelled to relocate as the direct result of the actions of a governmental body or agency thereof, and such dealer can relocate his business within a radius of one thousand five hundred (1,500) feet as measured from the center of the front door of his business, provided the new location is approved by the alcohol commission subject to appeal to the council.

(c) Upon a clear showing by a liquor dealer, whose property has been taken through governmental action so that it is impossible to relocate the store within the one thousand five hundred (1,500) feet prescribed distance, such liquor dealer shall be allowed to relocate within the prohibited distance from parks, playgrounds, churches, schools or libraries if such location is approved by the city council after a hearing and recommendation by the alcohol commission.

We will first consider City's issue II.

City points out that the council denied Lucchesi's application, pursuant to the provisions of Paragraph (a) of the above ordinance, since her application showed that she could not comply with the distance requirement set out therein. In this issue, City asserts that the trial court erred in applying the provisions of Paragraphs (b) and (c) because there is at the very least a disputed issue of material fact as to whether Lucchesi was forced to relocate by virtue of a governmental action. The affidavit of Richard T. Hughes, Jr., a building official for City, states that the owner of the property was notified of the unsafe condition of the building and that it must be repaired or demolished as stated therein. These notices began in June of 1997 and continued through February 9, 2000. The affidavit states that the tenant did not vacate the building and continued to occupy the premises and was cited to general sessions court on May 16, 2000. The record further reflects that Lucchesi's lease for the property expired May 31, 2000, and that she was forced to vacate the property by virtue of legal action brought by the owner of the property. Moreover, as of November 11, 2000, Lucchesi continued to occupy the property. City contends that, if anything, Lucchesi was forced to vacate the premises because her lease expired, and although she held over as a tenant, she was finally forced to move by the owner of the premises.

Considering the proof in the record, it appears at the very least that there is a genuine dispute of material fact as to whether Lucchesi was forced to relocate by virtue of a governmental action and, therefore, summary judgment was not appropriate on that basis.

The primary point of controversy in the case is City's first issue involving the interpretation of City of Memphis Ordinance § 4-5. The primary rule of statutory construction is that the intention

of the legislative body must prevail. *See Gragg v. Gragg*, 12 S.W.3d 412 (Tenn. 2000); *Moser v. Department of Transportation*, 982 S.W.2d 864 (Tenn. Ct. App. 1998). When the language of a statute is unambiguous, legislative intent is to be ascertained from the plain and ordinary meaning of the statutory language. The role of courts in interpretation of legislation is succinctly stated in *Gleaves v. Checker Cab Transit Corp., Inc.*, 15 S.W.3d 799 (Tenn. 2000):

> When, however, a statute is without contradiction or ambiguity, there is no need to force its interpretation or construction, and courts are not at liberty to depart from the words of the statute. *Hawks v. City of Westmoreland*, 960 S.W.2d 10, 16 (Tenn. 1997). Moreover, if "the language contained within the four corners of a statute is plain, clear, and unambiguous, the duty of the courts is simple and obvious, 'to say sic lex scripta, and obey it.'" Id. (quoting *Miller v. Childress*, 21 Tenn. (2 Hum.) 320, 321-22 (1841)). Therefore, "[i]f the words of a statute plainly mean one thing they cannot be given another meaning by judicial construction." *Henry v. White*, 194 Tenn. 192, 198, 250 S.W.2d 70, 72 (1952).
>
> Finally, it is not for the courts to alter or amend a statute. See *Town of Mount Carmel v. City of Kingsport*, 217 Tenn. 298, 306, 397 S.W.2d 379, 382 (1965); *see also Richardson v. Tennessee Bd. of Dentistry,* 913 S.W.2d 446, 453 (Tenn. 1995); *Manahan v. State*, 188 Tenn. 394, 397, 219 S.W.2d 900, 901 (1949). Moreover, a court must not question the "reasonableness of [a] statute or substitut[e] [its] own policy judgments for those of the legislature." *BellSouth Telecomms., Inc. v. Greer*, 972 S.W.2d 663, 673 (Tenn. Ct. App. 1997). Instead, courts must "presume that the legislature says in a statute what it means and means in a statute what it says there." *Id.* Accordingly, courts must construe a statute as it is written. *See Jackson v. Jackson*, 186 Tenn. 337, 342, 210 S.W.2d 332, 334 (1948).

*Id.* at 803.

Paragraph (a) of the subject ordinance prohibits retail liquor stores from locating within 1,500 feet of a church, school, park, library, or any other retail liquor store, or within a 50 foot radius in any direction from a church, school, park, library, or any other retail liquor store, or in any area that violates the zoning ordinances. Paragraph (b) affords relief to the liquor store proprietor that is forced to relocate as a direct result of a governmental action. Under this paragraph, the proprietor is allowed to relocate anywhere within a 1,500 foot radius of the existing location, even though the new location is within the prohibited distance of a church, school, park, library, or other retail liquor store.

Paragraph (c) of the ordinance is applicable when relocation within the 1,500 foot radius provided for in (b) is impossible, and under this paragraph relocation is allowed within the prohibited distances of parks, playgrounds, churches, schools, or libraries, if approved by the city council after a hearing and a recommendation by the alcohol commission. Paragraph (c) does not specify another liquor store along with the other locations.

The trial court found in rendering summary judgment for Lucchesi that as a matter of law leaving out the term "other liquor store" in Paragraph (c) was not intentional by the legislative body but was simply a "drafting oversight or, at best, a political aberration." Lucchesi contends that it is apparent that the legislative body did not intend to leave out "liquor store" when it had placed such establishments in the other sections of the ordinance. The trial court agreed with this argument. Since Lucchesi claimed ambiguity exists in the ordinance, City presented proof that after the city attorney's opinion that the omission of "liquor stores" from § 4-5 (c) would not allow Lucchesi the 1,500 foot exemption, and before Lucchesi's petition was filed in March 2000, legislation was introduced in the city commission to amend Paragraph (c) of the ordinance to add "or other liquor stores" to Paragraph (c). The ordinance failed by a eleven to one vote. This appears to establish rather conclusively the intent of the legislative body as to the ordinance in question. Lucchesi simply is not allowed to move outside of the 1,500 foot radius to a location within 1,500 feet of another liquor store. Accordingly, summary judgment for Lucchesi was not appropriate.

Under our interpretation of the ordinance, even if it is undisputed that Lucchesi is forced to relocate because of direct governmental action, she would not be allowed to move to the location requested in her application. Under these circumstances, summary judgment is appropriate for City.

Accordingly, the order of the trial court granting summary judgment to the petitioner is vacated. The case is remanded to the trial court with instructions to enter summary judgment for City. Costs of this appeal are assessed against the appellee, Wilma Lucchesi.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.