**William BUSH, Petitioner–Appellee,**

v.

**The EMPLOYEE BENEFIT BOARD OF THE METROPOLITAN GOVERN-MENT OF NASHVILLE and DAVID-SON COUNTY, Respondent–Appellant.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

March 28, 1990.

Permission to Appeal Denied by Supreme Court June 25, 1990.

John L. Kennedy, Dept. of Law of the Metropolitan Government of Nashville & Davidson County, Nashville, for respondent-appellant.

W. Gary Blackburn, Laurence M. McMillan, Jr., Blackburn, Little, Smith & Slobey, Nashville, for petitioner-appellee.

OPINION

CANTRELL, Judge.

The controlling issue in this case is whether the Employee Benefit Board or the Civil Service Commission of the Metropolitan Government of Nashville and Davidson County has jurisdiction over the allowance of sick leave for employees in the civil service system of the Metropolitan Government. Depending on the answer to

that question, other questions arise concerning the legality of the Board's decision denying the petitioner's application for payment of accrued sick leave.

The facts in this case are undisputed. Petitioner, formerly employed by the Board of Parks and Recreation, was injured in the line of duty. He was placed on injury leave, a special leave category which allows the employee time off without using accrued sick leave. When he was unable to return to work, the petitioner was granted a disability pension by the Benefit Board.

On September 14, 1987, the petitioner requested that he be awarded his accrued sick leave before the initiation of pension payments, pursuant to Section 7.04 of the Metropolitan Employee Benefit System. The Board referred the question to the Civil Service Commission. On November 9, 1987, the Benefit Board denied the petitioner's request based on the Civil Service Commission's ruling that it had exclusive jurisdiction within the Metropolitan Government over matters involving availability of sick leave for employees in the civil service system. On the merits of the question, the Commission held that Section 6.7(f) of the rules of the Commission prevents an employee from using sick leave days for an on-the-job injury. Therefore, the petitioner was not entitled to the use of any sick leave in addition to injury leave.

On January 4, 1988, Mr. Bush petitioned the Chancery Court for Davidson County for a Writ of Certiorari pursuant to Tenn. Code Ann. § 27–9–101 (1989). The chancellor reversed the decision of the Benefit Board for want of substantial and material evidence and remanded the case back to the Benefit Board. The court retained jurisdiction over the case until the expiration of time to appeal the Benefit Board's decision on remand.

The Benefit Board's pension committee held a hearing on February 27, 1989 and the committee's recommendation to again deny the petitioner's request was approved and adopted by the full Board on March 13, 1989. By agreement of counsel, the case was set for a hearing before the chancellor on May 3, 1989.

On May 2, 1989, the petitioner filed a motion to add as party defendants the Metropolitan Government and the Civil Service Commission. The chancellor denied the motion to add the new defendants and held that the Benefit Board would remain reversed for the reasons stated in the court's Memorandum Opinion entered on September 16, 1988.

■ The Court is of the opinion that the Benefit Board did not have jurisdiction to award the appellee pay for the unused sick leave he accumulated during his service with the Metropolitan Government. Although the appellee asserts that this issue has not been raised before, a review of the record reveals that the Benefit Board has consistently taken that position. At the November 9, 1987 meeting of the Benefit Board, Mr. VanSant, a board member, stated that since the Civil Service Commission had denied Mr. Bush's request for sick leave, the Benefit Board's position should be that it had no authority to grant the request. At that point, the vice-chairperson said, "Well, let the minutes show that." After the remand from the chancery court, the Benefit Board maintained its position that the Commission had the authority to determine how many sick days the appellee had coming, and that the Benefit Board could only recalculate the amount of the appellee's pension after that determination had been made.

Our conclusion with respect to this issue depends, of course, on an interpretation of the relevant provisions of the charter of the Metropolitan Government of Nashville and Davidson County. The pertinent charter provisions summarized below, provide:

(1) For the establishment of a Civil Service Commission consisting of five members, none of which are employees of the Metropolitan Government and none of which may be a public office holder or a member of a local, state, or national political committee. Section 12.02.

(2) For the establishment of a personnel policy and administration to be devel-

oped and fostered by the Civil Service Commission. Section 12.01.

(3) For the placement of jurisdiction to adopt rules governing hours of work, attendance regulations, holidays, and leaves of absence in the Civil Service Commission. Section 12.07(e).

(4) For the adoption of a system of employee benefit plans including disability and retirement benefits, medical and life insurance. Section 13.01.

(5) For the establishment of a ten member board to administer the employee benefit program. Some of the board members are employees of the Metropolitan Government; some are not. Sections 13.02 and 13.03.

(6) That any board or commission vested by the charter with a particular power is deemed to have exclusive jurisdiction of the field covering the power granted. Section 2.01(36).

Pursuant to the authority given by the charter, the Civil Service Commission adopted rules covering the accumulation of sick days, Rule 6.6, and providing that an employee injured in the course of his employment would be granted injury leave, which would not be charged against the employee's sick leave, Rule 6.7(f).

The Benefit Board adopted a rule providing that no disability payment could be due or payable until all sick leave, salary continuation, or vacation benefits had been exhausted by the employee. Section 7.04 of the Metropolitan Employee Benefit Plan.

From the charter provisions and the rules adopted pursuant thereto, we conclude that the exclusive jurisdiction to rule on the appellee's right to sick leave is vested in the Civil Service Commission. It therefore follows that the Benefit Board was without jurisdiction to award the appellee compensation for the sick leave he had accumulated prior to the time he was granted a disability pension.

The appellee contends that regardless of which body had the authority to rule on his request, the action should not be dismissed since both the Benefit Board and the Civil Service Commission are arms of the Metropolitan Government. We do not agree with that contention. The Benefit Board and the Civil Service Commission are distinct and separate bodies exercising discrete functions prescribed by the charter of the Metropolitan Government. Tenn.Code Ann. § 27-9-104 (1989) specifically provides that the petition for certiorari must name as defendants "the particular board or commission ..." We think it is beyond the power of the courts to rule on a matter within the exclusive jurisdiction of the Civil Service Commission when that body has not been brought before the court.

It results that the judgment of the court below is reversed and the action is remanded to the Chancery Court of Davidson County to allow the appellee to pursue his claim through the proper channels. Tax the costs on appeal to the appellee.

TODD, P.J., and LEWIS, J., concur.