# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

**April 15, 1998**

**Cecil W. Crowson
Appellate Court Clerk**

LEON PARDUE, JR.,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀Plaintiff/Appellant,⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀Appeal No.
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀01-A-01-9707-CH-00312
VS.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀Davidson Chancery
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀No. 96-1232-II
THE METROPOLITAN GOVERNMENT )
OF NASHVILLE & DAVIDSON⠀⠀)
COUNTY and the METROPOLITAN⠀)
EMPLOYEE BENEFIT BOARD,⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀Defendant/Appellee.⠀⠀⠀)

APPEALED FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE CAROL L. McCOY, CHANCELLOR

ANN BUNTIN STEINER
STEINER & STEINER
214 Second Avenue North
Suite 203
Nashville, Tennessee 37201-1644
⠀⠀⠀Attorney for Plaintiff/Appellant

JAMES L. MURPHY, III
Director of Law
Department of Law of the Metropolitan
 Government of Nashville and Davidson County

CHRISTI E. PEARSON
204 Metropolitan Courthouse
Nashville, Tennessee 37201
⠀⠀⠀Attorney for Defendant/Appellee

AFFIRMED AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
TODD, P.J., M.S.
KOCH, J.

# O P I N I O N

In this appeal of the Metropolitan Benefit Board's denial of a disability pension, the petitioner asserts that the decision is unsupported by substantial and material evidence, that the Board should have given more weight to the treating physician's testimony, and that the reviewing court should have conducted a de novo review of the Board's decision. The Chancery Court of Davidson County conducted a limited review and dismissed the petition. We affirm.

## I.

Leon Pardue, Jr., an employee of the Metropolitan Public Works Department, applied for a medical pension in November of 1994. His claim, supported by the opinion of his treating physician, was that a degenerative joint disease and chronic pain syndrome rendered him unable to perform his duties as a loader and driver of a chipper truck. The Metropolitan Benefit Board referred Mr. Pardue to independent medical and psychological specialists, and the specialists reported that they could find no objective basis for work restrictions. On August 14, 1995, the Board denied the disability application.

From August of 1995 until February of 1996 the question bounced from one committee to another, to the Board and back to the committees. The record was periodically supplemented with other medical evidence, and at one point the pension committee recommended that the Board reconsider its prior action and grant Mr. Pardue a pension retroactive to September of 1994. The motion failed in a tie vote before the Board. On February 26, 1996, the Board voted for a final time and refused, by a vote of four to three, to reconsider its prior denial.

## II.

On appeal Mr. Pardue argues that the Board's action should be reviewed under the Tennessee Administrative Procedures Act, Tenn. Code Ann. § 4-5-101, et seq. The Board, however, is an agency of the Metropolitan Government of Nashville and Davidson County, and the Administrative Procedures Act does not cover "county and municipal boards, commissions, committees, departments or offices." See Tenn. Code Ann. § 4-5-106(a). The proper method of reviewing a decision denying a pension to a civil servant is by the common law writ of certiorari. *Kendrick v. City of Chattanooga*, 799 S.W.2d 668 (Tenn. App. 1990); Tenn. Code Ann. § 27-9-114.

Under the common law writ our review of the evidence is severely limited. We only examine the record to see if there is <u>any</u> material evidence to support the Board's action. *Watts v. Civil Service Bd.*, 606 S.W.2d 274 (Tenn. 1980); *Lansden v. Tucker*, 321 S.W.2d 795 at 797 (Tenn. 1959). In this case there is evidence in the record from which the Board could conclude that Mr. Pardue was not disabled. More than one examining physician rendered an opinion that Mr. Pardue could return to work.

## III.

In a related argument, Mr. Pardue contends that in weighing the evidence before it, the Board should have given greater weight to the testimony of his treating physician. The cases cited for that proposition, however, do not support the argument. In *Crossno v. Publix Shirt Factory*, 814 S.W.2d 730 (Tenn. 1991), a worker's compensation case decided by a trial judge, the Supreme Court said:

> When the medical testimony differs, the trial judge must obviously choose which view to believe. In doing so, he is allowed, among other things, to consider the qualifications of the experts, the circumstances of their examination, the information available to them, and the evaluation of the importance of that information by other experts.

814 S.W.2d at 731. While the trial judge did give more weight to the treating physician's testimony in that case, the rule announced by the Supreme Court concerns the credibility of the witnesses rather than whether the witness was a treating or a consulting physician.

The Board's authority is derived from section 3.28.060 of the Metropolitan Code. That section provides:

> The board shall have the exclusive authority to determine the disability and continuation of disability of a disabled member . . . An applicant for a disability pension shall furnish to the board a "disability report," as provided in this section, and such other medical or other information as may reasonably be required by the board for the purpose of establishing disability. The board may secure additional medical or other evidence as it deems necessary and appropriate. On the basis of the disability report, medical and other information as the board has assembled, the board shall thereupon determine whether or not the applicant is a disabled member. . . ."

This provision does not require the Board to give more weight to any particular part of the evidence before it. We think that the Board has the power to make its own decision with respect to the credibility of the witnesses.

**IV.**

Finally, Mr. Pardue argues that the courts should review the record de novo under section 12.07(h) of the Metropolitan Charter. That section, applicable only to a review of a decision by the Civil Service Commission, provides for a de novo review of a decision dismissing an employee from the service.

In *Bush v. Employee Benefit Board*, 792 S.W.2d 932 (Tenn. App. 1990), we held that the Benefit Board of the Metropolitan Government and the Civil Service Commission are distinct and separate boards exercising discrete functions prescribed

by the Metropolitan Charter. The charter provisions affecting one board or commission do not apply to the other. Therefore, the de novo review provisions affecting the Civil Service Commission do not apply to the Benefit Board.

The judgment of the trial court is affirmed. The cause is remanded to the Chancery Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellee.

_____
BEN H. CANTRELL, JUDGE

CONCUR:

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

_____
WILLIAM C. KOCH, JR., JUDGE