Scott KENDRICK, Plaintiff–Appellee,

v.

The CITY OF CHATTANOOGA FIRE-MEN'S & POLICEMEN'S INSURANCE AND PENSION FUND BOARD, Defendant–Appellant.

Court of Appeals of Tennessee, Eastern Section.

July 18, 1990.

Permission to Appeal Denied by Supreme Court Dec. 3, 1990.

Arvin H. Reingold, Reingold, Clements & Schulman, P.C., Chattanooga, for defendant-appellant.

David Haines Rotroff, Chattanooga, for plaintiff-appellee.

## OPINION

FRANKS, Judge.

Responding to a petition for a writ of certiorari to the City of Chattanooga Firemen's & Policemen's Insurance and Pension Fund Board, the chancellor decreed full pension benefits to plaintiff in lieu of off-duty benefits awarded by the Board. Employing statutory certiorari review, the chancellor conducted a trial *de novo* and determined plaintiff had established by a preponderance of the evidence that he had suffered an on-the-job injury.

 The action of the Board was subject to review by a common law writ of certiorari since the agency was acting in a judicial or quasi-judicial capacity. *Davison v. Carr*, 659 S.W.2d 361 (Tenn.1983); T.C.A. § 27–8–101. In contrast, statutory certiorari applies when a particular statutory scheme sets forth the scope and meth-

od of review of an administrative action. Statutory writs of certiorari often provide for a trial *de novo;* the precise nature of review is to be determined for the provisions of the statute. *See e.g., Cooper v. Alcohol Comm'n of Memphis,* 745 S.W.2d 278 (Tenn.1988); *Cooper v. Williamson County Bd. of Educ.,* 746 S.W.2d 176 (Tenn.1987).

The applicable Chattanooga City Code provision does not set forth a statutory scheme for appeal but this court recently held that T.C.A. § 27–9–114, which mandates common law certiorari, does apply in cases involving denial of pensions to civil servants. In *Love v. Retirement System of Memphis,* 1987 WL 17246 (Tenn.App.); *permission to appeal denied* (1987), the court noted that most cases within this section concern discharge or suspension because "employment status" encompasses the entire relation of the employee to the employer; however, the statute applies common law certiorari in the context of pensions as well.[1]

T.C.A. § 4–5–322(d) requires an agency to transmit to the reviewing court a copy of the "entire record of the proceeding under review". The Board did not comply with the requirements of this statute. An agency must provide a complete record of evidence and proceedings at the hearing as well as the determinations made by the agency. *See Fallin v. Knox County Bd. of Com'rs,* 656 S.W.2d 338 (Tenn.1983). The failure of the Board to submit a proper record to the reviewing court requires remand to comply with the statute. *Levy v. State Bd. of Examiners,* 553 S.W.2d 909 (Tenn.1977). Procedurally, *Levy* is identical to this case, *i.e.,* the Board failed to create a proper record and the chancellor substituted his judgment upon a *de novo* record in the chancery court.

The judgment of the trial court and the decision of the Board are vacated and the cause is remanded to the Board for further proceedings not inconsistent with this opinion.

Costs incident to the appeal are assessed against defendant.

SANDERS, P.J. (E.S.) and WILLIAM H. INMAN, Special Judge, concur.

---

1. The most recent amendment to T.C.A. § 27–9–114 re-emphasizes that the common law certiorari review applies by cross-referencing the review process under the Administrative Procedures Act, T.C.A. § 4–5–322. The latter statute requires review under the substantive evidence rule but reminds that the reviewing court may not substitute its judgment for that of the agency. *See* T.C.A. § 4–5–322(h).