**Michael L. HOLDER, Plaintiff–Appellant,**

v.

**The CITY OF CHATTANOOGA, Defendant–Appellee.**

Court of Appeals of Tennessee, Eastern Section.

Nov. 8, 1993.

Permission to Appeal Denied by Supreme Court Feb. 28, 1994.

W. Jeffrey Hollingsworth, Stophel & Stophel, P.C., Chattanooga, for appellant.

Randal L. Nelson, City Atty., and Wm. Shelly Parker, Jr., Chattanooga, for appellee.

*OPINION*

McMURRAY, Judge.

In this appeal, generally stated, the appellant charges that the trial court erred by applying the wrong standard of review on appeal from the decision of the Chattanooga City Council which upheld the termination of the appellant as a Chattanooga police officer. Additionally, the appellant complains that the trial court erred in finding that there was substantial and material evidence to support the decision of the City Council. He further asserts that the decision of the City Council was arbitrary. For reasons hereinafter stated, we affirm the judgment of the trial court.

On Christmas morning, 1990, the appellant, Sergeant Michael Holder of the Chattanooga Police Department, was patrolling in the Brainard Road—Belvoir Avenue area of Chattanooga when he noticed a car with its lights off entering the roadway from a convenience store parking lot. The store clerk was standing in front of the store waiving his hands. Appellant caused the car to stop and return to the store. The clerk accused the driver, later identified as Michael Earls, of

shoplifting cigarettes. Mr. Earls offered to pay for the cigarettes, however, the clerk, allegedly because of prior incidents, wanted to prosecute Mr. Earls. Appellant thereupon advised Mr. Earls that he was under arrest and ordered him to turn around and face the counter. While appellant was attempting to handcuff Mr. Earls, Mr. Earls suddenly turned on appellant and a struggle ensued between them.

Mr. Earls managed to get out of the store and into his car. In an attempt to subdue Mr. Earls, appellant was "half in and half out" of Mr. Earls' car when the car was shifted into gear. Allegedly fearing for his safety, appellant, at this point, drew his gun. While there is some dispute as to the timing of shots fired by the appellant as related to the actions of Mr. Earls, it is undisputed that Earls' car began backing toward the appellant and at that time, shots were fired by the appellant. Further shots were fired as the car accelerated away from appellant. It is undisputed that a total of six shots were fired and that three of those shots struck Mr. Earls. Mr. Earls died from the injuries thus inflicted.

After an investigation, the appellant was discharged from his job as a police officer for unwarranted use of deadly force in violation of Chattanooga Police Department Manual Order No. 1.05, Section II, subsections 4, 5, 6 and 8. Following his dismissal, appellant sought a hearing before the City Council. After a hearing, the City Council upheld the dismissal.

Following the action of the City Council, appellant filed a Petition for Writ of Certiorari in the Chancery Court of Hamilton County seeking reinstatement as a police officer. A complete transcript of the proceedings before the City Council was filed with the trial court. After a hearing, the trial court affirmed the decision of the City Council, finding that the action of the City in dismissing appellant was supported by material evidence. Judgment was entered accordingly. From the judgment of the Chancery court, this appeal resulted. The appellant states his issues for our consideration as follows:

1. The Chancellor erred in employing the wrong standard of review in reviewing the decision of the Chattanooga City Council.

2. The Chancellor erred in finding that there was substantial and material evidence in the record supporting the decision of the City Council.

3. The arbitrariness of the Council's decision.

The appellant filed a petition for certiorari under the provisions of T.C.A. § 27–9–101, et seq. Section 27–9–101 provides as follows:

27–9–101. Right of Review.—Anyone who may be aggrieved by any final order or judgment of any board or commission functioning under the laws of this state may have said order reviewed by the courts, where not otherwise specifically provided, in the manner provided in this chapter.

T.C.A. § 27–9–114 provides in pertinent part as follows:

27–9–114. Proceedings involving certain public employees.—(a)(1) Contested case hearings by civil service boards of a county or municipality which affect the employment status of a civil service employee shall be conducted in conformity with contested case procedures under the Uniform Administrative Procedures Act, compiled in title 4, chapter 5, part 3.

(2) The provisions of this subsection pertaining to hearings by civil service boards shall not apply to municipal utilities boards or civil service boards of counties organized under a home rule charter form of government.

(b)(1) Judicial review of decisions by civil service boards of a county or municipality which affects the employment status of a county or city civil service employee shall be in conformity with the judicial review standards under § 4–5–322 of the Uniform Administrative Procedures Act.

(2) Petitions for judicial review of decisions by a city or county civil service board affecting the employment status of a civil service employee shall be filed in the chancery court of the county wherein the local civil service board is located.

■ Appellant insists that the application of the statute is restricted to decisions of "civil service boards" and points out that the "civil service boards" is not defined in the statute. We are of the opinion, however, that there is no merit in this insistence. It is clear that the City Council of Chattanooga was sitting as a civil service board rather than as a legislative body insofar as the proceedings involved here are concerned. This conclusion is implicitly supported by *Huddleston v. City of Murfreesboro,* 635 S.W.2d 694 (Tenn.1982), a case wherein a city firefighter appealed from the action of the City Council of Murfreesboro upholding his dismissal. In *Huddleston,* the Supreme Court remanded the case to the circuit court for trial with the observation that T.C.A. § 27–914, (now T.C.A. § 27–9–114), "dealing exclusively with the employment status of city and county employees, is the *exclusive* (emphasis added) remedy for judicial review of administrative determinations respecting the employment of such employees."

T.C.A. § 4–5–322 provides in pertinent part as follows:

(g) The review shall be conducted by the court without a jury and shall be confined to the record. In cases of alleged irregularities in procedure before the agency, not shown in the record, proof thereon may be taken by the court.

(h) The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

(5) Unsupported by evidence which is both substantial and material in the light of the entire record.

In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

The record clearly reflects that the chancellor applied the standard of review set out in T.C.A. § 4–5–322 as above quoted. We hold that the chancellor applied the appropriate standard of review. Accordingly, we find no merit in appellant's first issue.

■ Appellant's second and third issues relate to the sufficiency of the evidence. Suffice it to say that the record contains abundant evidence to support the findings of the City Council and the trial court. We find no merit in these issues.

■ The appellant has filed a motion in this court asking us to consider post-judgment facts. In sum and substance the motion asserts that a primary witness, Chief of Police, Ralph H. Cothran, had learned of additional facts, post-judgment, and that if he had known those facts before the hearing before the City Council he would have testified differently at the hearing. The motion further asserts that some members of the City Council who voted to uphold the termination of the appellant stated that they would rely upon his judgment in making the determination. Appellant concludes, therefore, that had the Chief testified as appellant now insists he would, the result would be different.

Rule 14(a), Tennessee Rules of Appellate Procedure provides as follows:

Rule 14. Consideration of Post–Judgment Facts in the Appellate Court.—(a) Power to Consider Post–Judgment Facts.—The Supreme Court, Court of Appeals, or Court of Criminal Appeals on its motion or on motion of a party may consider facts concerning the action that occurred after judgment. Consideration of such facts lies in the discretion of the appellate court. While neither controlling nor fully measuring the court's discretion, consideration generally will extend only to those facts, capable of ready demonstra-

tion, affecting the positions of the parties or the subject matter of the action such as mootness, bankruptcy, divorce, death, other judgments or proceedings, relief from the judgment requested or granted in the trial court, and other similar matters. Nothing in this rule shall be construed as a substitute for or limitation on relief from the judgment available under the Tennessee Rules of Civil Procedure or the Post–Conviction Act.

We are of the opinion that the matters sought to be considered do not fall within the contemplation of the rule as stated above. We, therefore, in the exercise of our discretion, respectfully overrule the appellant's motion to consider post-judgment facts.

The judgment of the trial court is affirmed. Costs are taxed to the appellant and this cause is remanded to the trial court.

SANDERS, P.J. (E.S.), and GODDARD, J., concur.