# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### September 23, 2004 Session

## ROY L. TIDWELL, ET AL. v. CITY OF MEMPHIS

**Direct Appeal from the Chancery Court for Shelby County**
No. CH-01-2221-1    Walter L. Evans, Chancellor

---

**No. W2004-00024-COA-R3-CV - Filed December 28, 2004**

---

The City of Memphis promulgated an On-the-Job Injury Program to handle claims filed by city employees seeking benefits for on-the-job injuries.  Thirteen firefighters and one police officer filed applications for benefits with the city.  When the city denied the applications, the employees filed appeals to the On-the-Job Injury Appeals Panel which affirmed the city's denial of benefits.  Each employee appealed the panel's determination to the Chancery Court of Shelby County by filing a Petition for Writ of Certiorari seeking review under a statutory writ of certiorari or, in the alternative, a common law writ of certiorari.  The chancellor reversed the panel's decision and held that, pursuant to section 27-9-114 of the Tennessee Code,  proceedings before the panel are subject to the contested case procedures set forth in the Tennessee Uniform Administrative Procedures Act.  In addition, the chancellor held that, pursuant to section 27-9-114 of the Tennessee Code, judicial review of the panel's decision is neither by common law or statutory writ, but review must be conducted in accordance with section 4-5-322 of the Tennessee Code.  The city appealed the chancery court's ruling to this Court arguing that the chancellor erred in applying section 27-9-114 of the Tennessee Code to the panel.  We reverse the chancery court's ruling.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Reversed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Sam L. Crain, Jr., Memphis, TN, for Appellant

Timothy Taylor, Memphis, TN, for Appellee Roy L. Tidwell

Mark Allen, Memphis, TN, for Appellees Richard Coggins, et al

## OPINION

## Facts and Procedural History

The Appellees (hereinafter "the Appellees" or "the Employees") consist of thirteen firefighters currently or previously employed with the City of Memphis Fire Services Division and one police officer employed with the City of Memphis Police Department (hereinafter collectively referred to as "the City"). During the course of their employment with the City, each Employee was diagnosed with an illness or disease each Employee claimed was caused by his or her employment with the City. The City has elected to not be subject to the Tennessee Workers' Compensation Law pursuant to section 50-6-106(5) of the Tennessee Code.[1] Instead, the City, pursuant to its personnel manual, established an On the Job Injury ("OJI") Program setting forth the policies and procedures governing application for OJI b(enefits, an employee's entitlement to OJI benefits, and appeals of the City's denial of OJI benefits.

---

[1] Section 50-6-106(5) provides:

> The state of Tennessee, counties thereof and municipal corporations; provided, that the state, any county or municipal corporation may accept the provisions of this chapter by filing written notice thereof with the division under the administrator, at least thirty (30) days before the happening of any accident or death, and may at any time withdraw the acceptance by giving like notice of the withdrawal. The state, any county or municipal corporation may accept the provisions of this chapter as to any department or division of the state, county or municipal corporation by filing written notice thereof with the division under the administrator at least thirty (30) days before the happening of any accident or death and may, at any time, withdraw acceptance for the division or department by giving like notice of the withdrawal, and such acceptance by the state, county or municipal corporation for any department or division thereof shall have effect only of making the department or division designated subject to the terms of this chapter[.]

TENN. CODE ANN. § 50-6-106(5) (2003); *see also Brown v. City of Memphis*, No. 02A01-9803-CV-00069, 1998 WL 742385, at *1 n.1 (Tenn. Ct. App. Oct. 22, 1998).

Each Employee at issue filed an application for OJI benefits with the City.[2]  All of the claims but two were filed pursuant to section 7-51-201 of the Tennessee Code, known as the Tennessee Heart and Lung Act.[3]  The City has adopted a special procedure for dealing with OJI claims for benefits filed by law enforcement officers and firefighters under this statute.  Pursuant to the City's OJI policy, the City's Risk Manager, upon receiving an employee's application for benefits, is tasked with the responsibility of compiling the employee's medical history for a period of ten years preceding the application date, results of the pre-employment physical examination, and a copy of the official job description for the employee's position.  These records are then forwarded to a panel consisting of three physicians, one of whom performs a physical examination of the employee.  The panel of physicians seeks "to determine within a reasonable degree of medical certainty the primary cause of the Employee's illness."  The panel submits its written findings to the City's Risk Manager who either approves or denies the employee's application for OJI benefits.  In the instant case, the City denied each Employee's application for OJI benefits.

Pursuant to the City's OJI Program policy, each Employee filed an appeal to the OJI Appeals Panel to contest the City's denial of benefits.  The OJI Appeals Panel consists of the City's Risk Manager, the City's Director of Finance or designee, and the City's Attorney or designee.  The Employees were permitted to have their union representative present at the hearing before the OJI Appeals Panel, but OJI Program policy did not permit the Employees to have legal counsel represent them at the hearings.  The OJI Appeals Panel affirmed the City's denial of OJI benefits to each of the Employees.

The Employees subsequently filed individual Petitions for Writ of Certiorari with the Chancery Court of Shelby County seeking a review of the decision of the OJI Appeals Panel in their respective cases.[4]  In each case, the Employees sought review of the decision of the OJI Appeals Panel under a statutory writ of certiorari or, in the alternative, a common law writ of certiorari.  The

---

[2] The claims filed by the firefighters consist of the following: (1)  In March 2000, Wayne Moseley was diagnosed with post traumatic stress disorder; (2) In April 2000, Robert Franks was diagnosed with hypertension; (3) In May 2000, Kim Stout was diagnosed with post traumatic stress disorder, depression, generalized anxiety disorder, and hyperventilation syndrome; (4) In October 2000, Columbus Echols was diagnosed with hypertension; (5) In October 2000, Richard Coggins was diagnosed with hypertension and heart disease; (6) In November 2000, Martin Roberts suffered a myocardial infarction and was diagnosed with heart disease; (7) In November 2000, Roy Gookin was diagnosed with heart disease; (8) In July 2001, Terry Wynne was diagnosed with hypertension; (9) In August 2001, Andrew Hart was diagnosed with hypertension; (10) In August 2001, Lynn Patterson was diagnosed with atherosclerotic coronary artery disease; (11) From January 2002 to August 2002, John Fralich, Jr. has experienced heart problems and hypertension; (12) On March 19, 2002, Randy Jeanes died after experiencing complications with his blood pressure, and he is represented by his wife, Laura Jeanes, in the present suit; and (13) Bethany Turner has experienced heart problems she attributes to her employment with the City.  Roy Tidwell, a police officer with the City, suffered a stroke in October 2000 and has been diagnosed with hypertension.

[3] The claims filed by Wayne Moseley and Kim Stout were submitted to the City's Risk Manager under separate provisions of the OJI policy and were subsequently denied.

[4] Two of the petitions were filed in 2000, six were filed in 2001, four were filed in 2002, and two were filed in 2003.

chancery court issued a writ in each case ordering that the administrative record be produced for review. The City filed an answer to each petition contesting that the proper method of review in the chancery court was by statutory writ of certiorari. The City also filed a motion in response to each petition seeking partial dismissal of the petitions to the extent they sought review under a statutory writ of certiorari. For purposes of the City's motions, the chancery court consolidated the Employees' petitions and held a hearing on September 18, 2003. At the conclusion of the hearing, the chancellor ordered the parties to submit proposed Findings of Fact and Conclusions of Law for review. The chancellor subsequently granted the City's motions excluding review under the statutory writ of certiorari.

On December 11, 2003, the chancellor entered judgments in favor of the firefighters incorporating the Findings of Fact and Conclusions of Law submitted by the firefighters. Likewise, on December 12, 2003, the chancellor entered a judgment in favor of the sole police officer incorporating his proposed Findings of Fact and Conclusions of Law into the judgment. The chancery court, by incorporating the findings proposed by the Employees, made the following conclusions of law: (1) Section 27-9-114 of the Tennessee Code, governing review of the rulings of boards and commissions, applies to the decisions of the City's OJI Appeals Panel; (2) The proper method of review of the OJI Appeals Panel decisions, therefore, is neither by common law or statutory writ of certiorari, but review must be conducted in conformity with section 4-5-322 of the Uniform Administrative Procedures Act ("UAPA"); and (3) Proceedings before the OJI Appeals Panel must be conducted in accordance with the contested case procedures set forth in the Uniform Administrative Procedures Act, section 4-5-301 *et seq.* of the Tennessee Code. Since the OJI Appeals Panel did not conduct the proceedings in accordance with the procedures outlined in the UAPA, the chancery court reversed the decision of the OJI Appeals Panel in each case and ordered the City to grant each Employee OJI benefits associated with their respective claims.

The City subsequently filed timely notices of appeal in each case to this Court. Pursuant to Rule 16 of the Tennessee Rules of Appellate Procedure, this Court granted the Joint Motion for Consolidation of Appeals filed by the parties after finding that the individual appeals presented common issues of law. (Order, Jan. 21, 2004). Accordingly, we are presented, by all parties to the present appeal, with the following issues for review:

I.      Whether the chancery court erred in ruling that section 27-9-114 of the Tennessee Code applies to the OJI Appeals Panel of the City of Memphis, specifically:
A.      Whether the OJI Appeals Panel is a Civil Service Board, and
B.      Whether the OJI Appeals Panel sits as a Civil Service Board because its decisions affect "employment status"; and
II.     Should this Court find that the contested case procedures of the Uniform Administrative Procedures Act do apply to the OJI Appeals Panel, whether the chancery court erred in entering judgment for the Employees rather than remanding for hearings conducted in accordance with the applicable procedural standards.

For the reasons set forth herein, we reverse the decision of the chancery court.

**Standard of Review**

On appeal, the facts in these consolidated cases are not in dispute since both the City and Employees agree that the procedures used by the OJI Appeals Panel did not comply with the contested case procedures found in the UAPA. This Court is confronted in this case with issues involving the interpretation of statutory language. "Construction of a statute is a question of law which we review *de novo*, with no presumption of correctness." *Gleaves v. Checker Cab Transit Corp., Inc.*, 15 S.W.3d 799, 802 (Tenn. 2000) (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn. 1998)); *see also Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993) (citing *Estate of Adkins v. White Consol. Indus., Inc.*, 788 S.W.2d 815, 817 (Tenn. Ct. App. 1989)); *ATS, Inc. v. Kent*, 27 S.W.3d 923, 924 (Tenn. Ct. App. 1998).

In construing statutory language, we are mindful of the following standards adopted by the courts of this state which aid us in this task:

> A "basic rule of statutory construction is to ascertain and give effect to the intention and purpose of the legislature." *Carson Creek Vacation Resorts, Inc. v. State Dep't of Revenue*, 865 S.W.2d 1, 2 (Tenn. 1993). In determining legislative intent and purpose, a court must not "unduly restrict[ ] or expand[ ] a statute's coverage beyond its intended scope." *Worley v. Weigel's, Inc.*, 919 S.W.2d 589, 593 (Tenn. 1996) (quoting *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995)). Rather, a court ascertains a statute's purpose from the plain and ordinary meaning of its language, *see Westland Community Ass'n v. Knox County*, 948 S.W.2d 281, 283 (Tenn. 1997), "without forced or subtle construction that would limit or extend the meaning of the language." *Carson Creek Vacation Resorts, Inc.*, 865 S.W.2d at 2.
> 
> When, however, a statute is without contradiction or ambiguity, there is no need to force its interpretation or construction, and courts are not at liberty to depart from the words of the statute. *Hawks v. City of Westmoreland*, 960 S.W.2d 10, 16 (Tenn. 1997). Moreover, if "the language contained within the four corners of a statute is plain, clear, and unambiguous, the duty of the courts is simple and obvious, 'to say *sic lex scripta*, and obey it.'" *Id.* (quoting *Miller v. Childress*, 21 Tenn. (2 Hum.) 320, 321–22 (1841)). Therefore, "if the words of a statute plainly mean one thing they cannot be given another meaning by judicial construction." *Henry v. White*, 194 Tenn. 192, 250 S.W.2d 70, 72 (1952).
> 
> Finally, it is not for the courts to alter or amend a statute. *See Town of Mount Carmel v. City of Kingsport*, 217 Tenn. 298, 306, 397 S.W.2d 379, 382 (1965); *see also Richardson v. Tennessee Bd. of Dentistry*, 913 S.W.2d 446, 453 (Tenn. 1995); *Manahan v. State*, 188 Tenn. 394, 397, 219 S.W.2d 900, 901 (1949). Moreover, a court

must not question the "reasonableness of a statute or substitute [its] own policy judgments for those of the legislature." *BellSouth Telecomms., Inc. v. Greer*, 972 S.W.2d 663, 673 (Tenn. Ct. App. 1997). Instead, courts must "presume that the legislature says in a statute what it means and means in a statute what it says there." *Id*. Accordingly, courts must construe a statute as it is written. *See Jackson v. Jackson*, 186 Tenn. 337, 342, 210 S.W.2d 332, 334 (1948).

*Gleaves*, 15 S.W.3d at 802–03. We also presume that the legislature has "knowledge of the state of the law on the subject under consideration at the time it enacts legislation." *Hise v. State*, 968 S.W.2d 852, 854–55 (Tenn. Ct. App. 1997) (citing *Jenkins v. Loudon County*, 736 S.W.2d 603, 608 (Tenn. 1987); *Equitable Life Assurance Co. v. Odle*, 547 S.W.2d 939, 941 (Tenn. 1997)).

## Writs of Certiorari and the UAPA

Our analysis in this case must begin with an examination of the progression of the law which led to the current conflict. The Employees sought review of the decision of the OJI Appeal Panel by filing a "Petition for Writ of Certiorari" in the chancery court below. The Employees asserted in their petitions that the chancery court had jurisdiction over the cases "pursuant to Tenn. Code Ann. § 27-8-104,[5] and certiorari is authorized by Tenn. Code Ann. §§ 27-8-101, 27-8-102 and 27-9-114."

"In Tennessee, two types of certiorari exist." *Fairhaven Corp. v. Tenn. Health Facilities Comm'n*, 566 S.W.2d 885, 886 (Tenn. Ct. App. 1976). Section 27-8-101 provides for review under the common-law writ of certiorari, stating:

> The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy. This section does not apply to actions governed by the Tennessee Rules of Appellate Procedure.

---

[5] Section 27-8-104 provides:
**Power of circuit and chancery courts**.

(a) The judges of the inferior courts of law have the power, in all civil cases, to issue writs of certiorari to remove any cause or transcript thereof from any inferior tribunal, on sufficient cause, supported by oath or affirmation.

(b) The chancellors shall have concurrent jurisdiction with the judges of the circuit courts of this state in granting writs of certiorari and supersedeas removing causes from general sessions courts to the circuit courts.

TENN. CODE ANN. § 27-8-104 (2003).

TENN. CODE ANN. § 27-8-101 (2003). Section 27-8-102 provides for review under the statutory writ of certiorari and is not at issue in this case.[6]

"Common law certiorari is available where the court reviews an administrative decision in which that agency is acting in a judicial or quasi-judicial capacity." *Davison v. Carr*, 659 S.W.2d 361, 363 (Tenn. 1983); *see also Case v. Shelby County Civil Serv. Merit Bd.*, 98 S.W.3d 167, 171 (Tenn. Ct. App. 2002). The scope of judicial review under the common law writ is limited to the following:

> Generally, under common law certiorari, the scope of review is limited to the record to determine as a question of law whether there is any material evidence to support the agency's findings. However, new evidence is admissible on the issue of whether the administrative body exceeded its jurisdiction or acted illegally, capriciously or arbitrarily.

*Id.* Thus, the trial court may reverse or modify the action of the administrative agency when that agency "acted in violation of constitutional or statutory provisions or in excess of its own statutory authority; has followed unlawful procedure or been guilty of arbitrary or capricious action; or has acted without material evidence to support its decision." *Watts v. Civil Serv. Bd. for Columbia*, 606 S.W.2d 274, 277 (Tenn. 1980); *see also Gross v. Gilless*, 26 S.W.3d 488, 492 (Tenn. Ct. App. 1999). "The scope of review by the appellate courts is no broader or more comprehensive than that of the trial court with respect to evidence presented before the Board." *Watts*, 606 S.W.2d at 277.

The legislature promulgated the UAPA "to clarify and bring uniformity to the procedure of *state* administrative agencies and judicial review of their determination." TENN. CODE ANN. § 4-5-103(a) (2003) (emphasis added). The legislature also provided that the UAPA's provisions "shall not apply to . . . county and municipal boards, commissions, committees, department or officers." TENN. CODE ANN. § 4-5-106(a) (2003). "A person who is aggrieved by a final decision in a contested case is entitled to judicial review under [the UAPA]." TENN. CODE ANN. § 4-5-322(a)(1) (2003). A "Contested case" is defined by the UAPA as "a proceeding . . . in which the legal rights, duties or privileges of a party are required by any statute or constitutional provision to be determined

---

[6] "Review under a statutory writ is by trial *de novo*." *McCallen v. City of Memphis*, 786 S.W.2d 633, 638 (Tenn. 1990) (citing *Roberts v. Brown*, 310 S.W.2d 197, 206–08 (Tenn. 1957)). Review under a statutory writ of certiorari is appropriate where a statute provides "the scope and method of review of an action of an administrative body." *Cooper v. Williamson County Bd. of Educ.*, 746 S.W.2d 176, 178 (Tenn. 1987). Although the Employees sought, in the alternative, review under the statutory writ of certiorari, the chancery court properly recognized that it could not undertake a review of the decision of the OJI Appeals Panel in these cases under the statutory writ. The Employees apparently realized the error of seeking review under a statutory writ of certiorari when their proposed Findings of Fact and Conclusions of Law omitted as an option review of the OJI Appeals Panel decisions under a statutory writ of certiorari. Regardless of the resolution of the dispositive issues in this case, it is clear that the statutory writ of certiorari was an improper vehicle to use when seeking review of the OJI Appeals Panel decisions. *See Davis v. Hamilton County Bd. of Educ.*, No. 03A01-9504-CH-00135, 1995 Tenn. App. LEXIS 559, at *7 (Tenn. Ct. App. Aug. 29, 1995); *Cunningham v. Bd. of Educ for Grundy County*, No. 85-302-II, 1986 Tenn. App. LEXIS 3331, at *4–5 (Tenn. Ct. App. Oct. 1, 1986).

by an agency after an opportunity for a hearing." Tenn. Code Ann. § 4-5-102(3) (2003). A person can request judicial review "by filing a petition in the chancery court of Davidson County, unless another court is specified by statute[,] . . . within sixty (60) days after the entry of the agency's final order thereon." TENN. CODE ANN. § 4-5-322(b)(1) (2003). When reviewing an agency's decision, the chancery court is bound by the following standard of review:

> (h) The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
>> (1) In violation of constitutional or statutory provisions;
>> (2) In excess of the statutory authority of the agency;
>> (3) Made upon unlawful procedure;
>> (4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
>> (5) Unsupported by the evidence which is both substantial and material in light of the entire record.
> In determining the substantiality of evidence, the court shall take into account whatever the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

TENN. CODE ANN. § 4-5-322(h) (2003).

At issue in this case is the present statutory language found in section 27-9-114 of the Tennessee Code. Prior to 1989, however, section 27-9-114 provided that:

> No court of record of this state shall entertain any proceeding involving the civil service status of a county or a municipal employee when such proceeding in the nature of an appeal *from a ruling of city or county official or board which affects the employment status of a county or city employee*, except such proceeding be one of *common law certiorari*. Any such proceeding shall be heard by a judge or chancellor without the intervention of a jury. This section shall supersede any displaced provisions of city charters to the contrary.

TENN. CODE ANN. § 27-914 (1984) (emphasis added). Our supreme court held that section 27-9-114, "dealing exclusively with the employment status of city and county employees, is the exclusive remedy for judicial review of administrative determinations respecting the employment status of such employees." *Huddleston v. City of Murfreesboro*, 635 S.W.2d 694, 696 (Tenn. 1982); *see also*

*Gaston v. Civil Serv. Merit Bd. of Shelby County*, 1986 WL 9964, at *1 (Tenn. Ct. App. Sept. 15, 1986).

Accordingly, this Court applied the pre-1989 language of section 27-9-114 of the Tennessee Code and held that decisions of a municipality's civil service commission were to be judicially reviewed under a common law writ of certiorari. *See City of Memphis Civil Serv. Comm'n v. Eulls*, 1988 WL 119291, at *2 (Tenn. Ct. App. Nov. 10, 1988); *Moore v. Civil Serv. Comm'n for the City of Memphis*, No. 41, 1988 WL 1730, at *1 (Tenn. Ct. App. Jan. 12, 1988); *Smith v. City of Memphis*, 1986 WL 9698, at *1 (Tenn. Ct. App. Sept. 8, 1986). During the same period, the courts of this state, also relying on the language in section 27-9-114 of the Tennessee Code, reviewed the decisions originating from other entities under a common law writ of certiorari as well. *See Huddleston v. City of Murfreesboro*, 635 S.W.2d 694, 695 (Tenn. 1982) (holding that judicial review of the decision of a city council regarding an employee's discharge under section 27-9-114 of the Tennessee Code was by common law certiorari); *Love v. Ret. Sys. of the City of Memphis*, No. 27, 1987 WL 17246, at *1 (Tenn. Ct. App. Sept. 21, 1987) (reviewing the city's denial of pension benefits to an employee under a common law writ of certiorari); *State v. City of Linden*, No. 86-303-II, 1986 WL 13641, at *2 (Tenn. Ct. App. Nov. 19, 1986) (addressing a petition to rehear and stating that review of a decision of the board of mayor and alderman was by common law writ of certiorari); *Cunningham v. Bd. of Educ. for Grundy County*, No. 85-302-II, 1986 WL 10692, at *2 (Tenn. Ct. App. Oct. 1, 1986) (stating that the applicable standard of review of a decision by the board of education terminating a school employee was by common law writ of certiorari); *Whitten v. Tucker*, 1986 WL 4599, at *2 (Tenn. Ct. App. Apr. 18, 1986) ("We hold that a review of the City of Knoxville Board of Education's decision to fire, or not to fire, a teacher tenured under that system is governed by the provisions of T.C.A. Sec. 27-9-114."); *Goodwin v. Metro. Bd. of Health*, 656 S.W.2d 383, 386 (Tenn. Ct. App. 1983) (reviewing the decision of a health board to terminate an employee under a common law writ of certiorari).

In 1988, the legislature amended section 27-9-114 of the Tennessee Code to provide, in relevant part, as follows:

> **Proceedings involving certain public employees**.
>
> (a)(1) Contested case hearings *by civil service boards of a county or municipality which affect the employment status of a civil service employee* shall be conducted in conformity with contested case procedures under the Uniform Administrative Procedures Act, compiled in title 4, chapter 5, part 3.
> (2) The provisions of this subsection pertaining to hearings by civil service boards shall not apply to municipal utilities boards or civil service boards of counties organized under a home rule charter form of government.
> (b)(1) Judicial review of decisions *by civil service boards of a county or municipality which affects the employment status of a county or*

*city civil service employee* shall be in conformity with the judicial review standards under the Uniform Administrative Procedures Act, § 4-5-322.

(2) Petitions for judicial review of decisions by a city or county civil service board affecting the employment status of a civil service employee shall be filed in the chancery court of the county wherein the local civil service board is located.

TENN. CODE ANN. § 27-9-114 (2003) (emphasis added); *see also* 1988 TENN. PUB. ACTS Ch. 1001; *City of Knoxville v. Popejoy*, No. 03A01-9104-CH-00148, 1991 WL 276796, at *2 n.1 (Tenn. Ct. App. Dec. 31, 1991).

Subsequent to the statutory amendment of section 27-9-114, this Court continued to apply the language of section 27-9-114 of the Tennessee Code to the decisions of civil service boards, but we reviewed those decisions under the standard of review found in section 4-5-322 of the Tennessee Code. *See Hughey v. Metro. Gov't of Nashville & Davidson County*, No. M2002-02240-COA-R3-CV, 2003 WL 21849628, at *3 (Tenn. Ct. App. Aug. 8, 2003); *Lien v. Metro. Gov't of Nashville & Davidson County*, 117 S.W.3d 753, 757 (Tenn. Ct. App. 2003); *Howell v. City of Columbia*, No. M2001-00620-COA-R3-CV, 2002 WL 31322529, at *2 n.2 (Tenn. Ct. App. Oct. 16, 2002); *Robbins v. City of Johnson City*, No. E2000-02952-COA-R3-CV, 2001 WL 767020, at *4–5 (Tenn. Ct. App. July 3, 2001); *Mack v. Civil Serv. Comm'n of the City of Memphis*, No. 02A01-9807-CH-00215, 1999 WL 250180, at *2 (Tenn. Ct. App. 1999); *Knoxville Utilities Bd. v. Knoxville Civil Serv. Merit Bd.*, No. 03A01-9301-CH-00008, 1993 WL 229505, at *9 (Tenn. Ct. App. June 28, 1993); *City of Memphis v. Owens*, No. 02A01-9109CH00202, 1992 WL 227561, at *6 n.1 (Tenn. Ct. App. Sept. 18, 1992); *City of Knoxville v. Popejoy*, No. 03A01-9104-CH-00148, 1991 WL 276796, at *2 (Tenn. Ct. App. Dec. 31, 1991); *Lockridge v. Metro. Gov't of Nashville & Davidson County*, No. 01-A-019103CH00097, 1991 WL 153316, at *1 (Tenn. Ct. App. Aug. 14, 1991); *Lewis v. Metro. Gov't of Nashville & Davidson County*, No. 01-A-01-9006CH00220, 1990 WL 205223, at *2 (Tenn. Ct. App. Dec. 18, 1990); *State v. Civil Serv. Comm'n of the Metro. Gov't of Nashville & Davidson County*, No. 01-A-01-9002-CH00061, 1990 WL 165073, at *3 (Tenn. Ct. App. Oct. 31, 1990).

Conversely, many decisions rendered by this Court subsequent to the statutory amendment of section 27-9-114 of the Tennessee Code referenced the statute when discussing the judicial review of decisions rendered by other municipal entities not specifically designated a civil service board. *See Yates v. City of Chattanooga*, No. E2000-02064-COA-R3-CV, 2001 WL 533351, at *2 (Tenn. Ct. App. May 21, 2001) (applying the amended statutory language to the review of a decision by a city council to terminate an employee); *Bullard v. City of Chattanooga Firemen's and Policemen's Ins. & Pension Fund*, No. 03A01-9705-CH-00193, 1998 WL 90834, at *1 (Tenn. Ct. App. Mar. 3, 1998) (stating that the amended language in section 27-9-114 applies to the denial of pension benefits to civil service employees); *Stephenson v. Town of White Pine*, No. 03A01-9705-CH-00185, 1997 WL 718974, at *1 (Tenn. Ct. App. Nov. 13, 1997) (reviewing a decision by the town council to terminate a city employee under section 27-9-114); *Paris v. City of Lebanon Pers. Review Bd.*, No. 01A01-9702-CH-00054, 1997 WL 607519, at *6 (Tenn. Ct. App. Oct. 3, 1997) (applying the

amended language to the review of the decision of a city personnel board); *Holder v. City of Chattanooga*, 878 S.W.2d 950, 952 (Tenn. Ct. App. 1993) (rejecting the argument of the appellant that a city council did not qualify as a "civil service board" under the language in section 27-9-114); *Kendrick v. City of Chattanooga Firemen's & Policemen's Ins. & Pension Fund*, 799 S.W.2d 668, 669 (Tenn. Ct. App. 1990) (referencing our decision in *Love* when discussing review of a pension benefit board's denial of pension benefits to an employee); *Jones v. Pers. Merit Bd. of the City of Dyersburg*, No. 5, 1998 WL 104697, at *4 (Tenn. Ct. App. Oct. 10, 1988) (reviewing the city's termination of a fireman following an on-the-job injury under section 27-9-114).

Our research has also identified decisions by this Court, subsequent to the 1988 amendment to section 27-9-114 of the Tennessee Code, holding that the proper standard of review of the decisions by agencies not expressly identified as a civil service boards is by common law certiorari. *See Pardue v. Metro. Gov't of Nashville & Davidson County*, No. 01A01-9707-CH-00312, 1998 WL 173208, at *1 (Tenn. Ct. App. Apr. 15, 1998) (stating that the Metropolitan Benefit Board "is an agency of the Metropolitan Government of Nashville and Davidson County, and the Administrative Procedures Act does not cover 'county and municipal boards, commissions, committees, departments or offices.'"); *Davis v. Hamilton County Bd. of Educ.*, No. 03A01-9504-CH-00135, 1995 WL 507796, at *3 (Tenn. Ct. App. Aug. 29, 1995) (reviewing a decision by the board of education to terminate a bus driver, and alluding to the proper standard of review being by common law writ of certiorari).

In several instances, this Court stated that review of decisions falling under section 27-9-114 of the Tennessee Code are no longer by common law writ of certiorari, but the proper method of appeal is by filing a petition for judicial review pursuant to section 4-5-322 of the Tennessee Code. *See Maasikas v. Metro. Gov't of Nashville & Davidson County*, No. M2002-02652-COA-R3-CV, 2003 Tenn. App. LEXIS 889, at *3 (Tenn. Ct. App. Dec. 22, 2003); *Woods v. Metro. Gov't of Nashville & Davidson County*, No. M2001-03143-COA-R3-CV, 2003 Tenn. App. LEXIS 858, at *4–5 (Tenn. Ct. App. Dec. 10, 2003); *Stephenson v. Town of White Pine*, No. 03A01-9705-CH-00185, 1997 Tenn. App. LEXIS 787, at *3–4 (Tenn. Ct. App. Nov. 13, 1997); *Knoxville Util. Bd. v. Knoxville Civil Serv. Merit Bd.*, No. 03A01-9301-CH-00008, 1993 Tenn. App. LEXIS 438, at *24 (Tenn. Ct. App. June 28, 1993); *City of Memphis v. Owens*, No. 02A01-9109-CH-00202, 1992 Tenn. App. LEXIS 784, at *1 n.1 (Tenn. Ct. App. Sept. 18, 1992); *City of Knoxville v. Popejoy*, No. 03A01-9104-CH-00148, 1991 WL 276796, at *2 n.1 (Tenn. Ct. App. Dec. 31, 1991).

**Whether section 27-9-114 of the Tennessee Code applies to the OJI Appeals Panel**

Having set forth the legal landscape which led to the current dispute, we now turn our attention to the issues presented on appeal. We begin by noting that we agree with the chancery court in that, by amending section 27-9-114 of the Tennessee Code, the legislature made proceedings before a "civil service board," and judicial review of those decisions, subject to the provisions of the UAPA. Therefore, review of the decisions of a civil service board is no longer by common law writ of certiorari, but by filing a petition for review under section 4-5-322 of the Tennessee Code. *See Stephenson v. Town of White Pine*, No. 03A01-9705-CH-00185, 1997 WL 718974, at *1 (Tenn. Ct.

App. Nov. 13, 1997); *Paris v. City of Lebanon Pers. Review Bd.*, No. 01A01-9702-CH-00054, 1997 WL 607519, at *5–6 (Tenn. Ct. App. Oct. 3, 1997); *City of Memphis v. Owens*, No. 02A01-9109CH00202, 1992 WL 227561, at *6 n.1 (Tenn. Ct. App. Sept. 18, 1992).

In those instances where section 27-9-114 of the Tennessee Code is applicable, our supreme court has provided that this statute "is the exclusive remedy for judicial review of administrative determinations respecting the employment status of such employees." *Huddleston v. City of Murfreesboro*, 635 S.W.2d 694, 696 (Tenn. 1982). As a threshold matter, we are asked to determine whether the chancery court erred in applying the applicable statute to the OJI Appeals Panel. The City argues that the OJI Appeals Panel does not constitute a "civil service board" as that term is used in section 27-9-114 of the Tennessee Code, therefore, section 27-9-114 of the Tennessee Code is inapplicable to the OJI Appeals Panel. Accordingly, the City asserts that the proper method of judicial review is to review decisions by the OJI Appeals Panel under the common law writ of certiorari.

"The primary rule of statutory construction is that the intention of the legislature must prevail." *Lucchesi v. Alcohol & Licensing Comm'n of the City of Memphis*, 70 S.W.3d 49, 55 (Tenn. Ct. App. 2001). When presented with issues of statutory construction, we begin in the first instance by examining the language employed by the legislature as follows:

> Courts are restricted to natural and ordinary meaning of the language used by the legislature in the statute, unless an ambiguity requires resort elsewhere to ascertain legislative intent." *Austin v. Memphis Pub. Co.*, 655 S.W.2d 146, 148 (Tenn. 1983). A statute is ambiguous if it is capable of conveying more than one meaning. *In re Conservatorship of Clayton*, 914 S.W.2d 84, 90 (Tenn. App. 1995). We must consider the language employed in context of the entire statute without any forced or subtle construction which would extend or limit its meaning. *Wilson v. Johnson County*, 879 S.W.2d 807, 809 (Tenn. 1994). Furthermore, we are to assume that the legislature used each word in the statute purposely, and that the use of these words conveys some intent and has a meaning and purpose. *Locust*, 912 S.W.2d at 718. Where words of the statute are clear and plain and fully express the legislature's intent, there is no room to resort to auxiliary rules of construction, *Roberson v. University of Tennessee*, 912 S.W.2d 746, 747 (Tenn. App. 1995), and we need only enforce the statute as written, *Clayton*, 914 S.W.2d at 90.

*Browder v. Morris*, 975 S.W.2d 308, 311 (Tenn. 1998). This Court is not authorized to amend a statute, *Limbaugh v. Coffee Medical Center*, 59 S.W.3d 73, 83 (Tenn. 2001), nor is it our province to impose our own judgment over that of the legislature, *BellSouth Telecommunications, Inc. v. Greer*, 972 S.W.2d 663, 673 (Tenn. Ct. App. 1997).

The City correctly identifies the absence of a definition of "civil service board" in section 27-9-101 *et seq.* of the Tennessee Code. *Holder v. City of Chattanooga*, 878 S.W.2d 950, 952 (Tenn. Ct. App. 1994). The City urges this Court to apply the meaning of that term as described in section 6-54-114, which provides:

> **M u n i c i p a l    c i v i l    s e r v i c e    b o a r d** –
> **Members–Qualifications–Appointment**.
>
> . . . .
>
> (b) Notwithstanding any provision of any municipal charter or ordinance to the contrary, all members of any municipal civil service board in any county with a population greater than three hundred thousand (300,000), created by ordinance or charter, shall be appointed by the mayor of the municipality which the board serves. Such appointments shall be subject to confirmation by the municipal legislative body. At least one (1) member shall be a woman and one (1) member shall be a minority citizen. The provisions of this section shall not apply to municipalities with a mayor-alderman form of government.

TENN. CODE ANN. §6-54-114(b) (2003). When the legislature amended section 27-9-114 of the Tennessee Code, it chose to remove the broad language "city or county official or board" and replace it with the specific phrase "civil service board." *See* 1988 TENN. PUB. ACTS Ch. 1001. "When approaching statutory text, courts must . . . presume that the legislature says in a statute what it means and means in a statute what it says there." *BellSouth Telecomm., Inc. v. Greer*, 972 S.W.2d 663, 673 (Tenn. Ct. App. 1997) (citations omitted).

Both parties agree that the OJI Appeals Panel does not comply with section 6-54-114 of the Tennessee Code. The OJI Appeals Panel was not created by city charter, and its members are not appointed by the mayor and confirmed by the city council. When construing statutory language, we must seek to avoid a construction which would be repugnant to another section of the Tennessee Code and thereby create a conflict. *See Williams v. Thomas Jefferson Ins. Co.*, 385 S.W.2d 908, 910–11 (Tenn. 1965) (citations omitted). Accordingly, we find that the OJI Appeals Panel is not a "civil service board," as that term was intended to be used by the legislature, under section 27-9-114 of the Tennessee Code.

The Employees, in arguing that decisions of the OJI Appeals Panel are subject to section 27-9-114 of the Tennessee Code and, in turn, the UAPA, point to our decision in *Love v. Retirement System of the City of Memphis*, No. 27, 1987 WL 17246, at *1 (Tenn. Ct. App. Sept. 21, 1987), and its progeny. In *Love*, the city's Board of Retirement denied pension benefits to a city judge, and the judge filed a petition for writ of certiorari with the chancery court. *Love*, 1987 WL 17246, at *1. The chancery court conducted a *de novo* review of the proceedings before the Board of Retirement

finding that the petitioner's application for benefits should have been granted by the board. *Id.* The city appealed, asking this Court to address whether the chancery court erred by not applying the more restrictive common law writ of certiorari standard of review. *Id.* In reversing the decision of the chancery court, we held that the proper standard of review, pursuant to the pre-1989 language in section 27-9-114, was by common law certiorari. *Id.* The Employees also point to our decisions in *Kendrick v. City of Chattanooga Firemen's and Policemen's Insurance and Pension Fund*, 799 S.W.2d 668 (Tenn. Ct. App. 1990), and *Bullard v. City of Chattanooga Firemen's and Policemen's Insurance and Pension Fund*, No. 03A01-9705-CH-00193, 1998 WL 90834 (Tenn. Ct. App. Mar. 3, 1998), as instances where this Court has applied the current language in section 27-9-114 of the Tennessee Code to municipal boards similar to the OJI Appeals Panel at issue in this case.[7]

After examining the statutory language of section 27-9-114 of the Tennessee Code and reviewing the applicable case law, we conclude that the Employee's argument is misguided. We begin by noting that our decision in *Love* was premised upon the pre-amendment language in section 27-9-114 of the Tennessee Code, which the legislature made applicable to "an appeal from a ruling *of a city or county official or board* which affects the employment status of a county or city employee." *See Love*, 1987 WL 17246, at *1 (emphasis added). As stated previously, when the legislature amended section 27-9-114 of the Tennessee Code in 1988, the legislature removed this broad terminology and inserted the more specific language "civil service boards of a county or municipality." *See* TENN. CODE ANN. § 27-9-114 (2003). Therefore, our decision in *Love*, applying section 27-9-114 of the Tennessee Code to a retirement board, was consistent with the statutory language present at the time.

In *Kendrick*, the chancery court, reviewing the case under a statutory writ of certiorari and employing a *de novo* standard of review, reversed the city's decision denying an employee pension benefits. *Kendrick*, 799 S.W.2d at 668. In reversing the chancery court, this Court held that "[t]he action of the Board was subject to review by common law writ of certiorari since the agency was acting in a judicial or quasi-judicial capacity." *Id.* (citing *Davison v. Carr*, 659 S.W.2d 361 (Tenn. 1983); TENN. CODE ANN. § 27-8-101). The Employees correctly point out that in *Kendrick* we cited to our decision in *Love* as an example where this Court applied section 27-9-114 of the Tennessee Code to a municipal body's denial of pension benefits. *Id.* at 669. Our citation to *Love*, however, constitutes *obiter dictum* not binding upon the Court in the present case. *See Shepherd Fleets, Inc. v. Opryland USA, Inc.*, 759 S.W.2d 914, 921 (Tenn. Ct. App. 1988). We reach this conclusion by noting that, in *Kendrick*, when stating the proper manner of review was by common law certiorari, we cited to section 27-8-101 of the Tennessee Code governing the common law writ of certiorari as authority for that conclusion. *See Kendrick*, 799 S.W.2d at 668. Our decision to review the case

---

[7] During oral argument, the Employees also cited to our decision in *Lockridge v. Metropolitan Government of Nashville*, No. 01-A-019103CH00097, 1991 WL 153316 (Tenn. Ct. App. Aug. 14, 1991), where we held that section 4-5-322 of the Tennessee Code applied to the decision of the city's *civil service board* in failing to promote minority employees, as additional support for their position. We find our holding in *Lockridge*, as it relates to the issue of whether the OJI Appeals Panel qualifies as a civil service board, inapplicable to the present case because we were dealing specifically with a civil service board in that case. *See Lockridge*, 1991 WL 153316, at *1.

under the standards applicable to a common law writ of certiorari was warranted given the recent amendment to the statute.

The Employees also assert that our decision in *Bullard* is factually similar to the undisputed facts set forth in the present case. In *Bullard*, the city's pension fund board denied an employee disability benefits after he suffered a heart attack he attributed to his duties as a fireman. *Bullard*, 1998 WL 90834, at *1. Citing to *Kendrick*, we stated that the proper method of reviewing the board's decision, pursuant to section 27-9-114, was in accordance with section 4-5-322(h) of the Tennessee Code. *Id.* The Employee's reliance on our decision in *Bullard* is flawed. It was incorrect for the Court in *Bullard* to say that we applied the language in section 27-9-114 of the Tennessee Code in *Kendrick* to the denial of pensions to civil servants.[8] *See id.* As we expressly stated in *Kendrick*, "[t]he action of the Board was *subject to review by a common law writ of certiorari* since the agency was acting in a judicial or quasi-judicial capacity." *Kendrick*, 799 S.W.2d at 668 (citing TENN. CODE ANN. § 27-8-101) (emphasis added).

Finally, the City asserts that, even if we determine that the OJI Appeals Panel is not a civil service board, our inquiry does not end there. The City directs our attention to this Court's decision in *Holder v. City of Chattanooga*, 878 S.W.2d 950, 951 (Tenn. Ct. App. 1993), where we were asked to determine the appropriate standard of review when reviewing the decision of a city council in discharging a police officer. In applying the provisions of section 27-9-114 of the Tennessee Code to the city council's decision, we stated:

> Appellant insists that the application of the statute is restricted to decisions of "civil service boards" and points out that the [term] "civil service boards" is not defined in the statute. We are of the opinion, however, that there is no merit in this insistence. It is clear that the City Council of Chattanooga was sitting as a civil service board rather than as a legislative body insofar as the proceedings involved here are concerned.

*Id.* at 952. The City contends that it is necessary for this Court to decide whether the OJI Appeals Panel "was sitting as a civil service board" by rendering a decision which "affect[ed] the employment status of a civil service employee." *See State v. Odom*, 137 S.W.3d 572, 581 (Tenn. 2004); *City of Memphis v. Overton*, 392 S.W.2d 98, 100 (Tenn. 1965) ("[I]t is axiomatic that this State has long approved the doctrine of stare decisis.").

The Employees once again rely on our decisions in *Love*, *Kendrick*, and *Bullard* to argue that this Court has expressly held that "employment status" includes benefits associated with employment. As stated above, the Employees' reliance on *Kendrick* and *Bullard* is misplaced. The

---

[8] In a recent decision, this Court correctly identified and applied the holding in *Kendrick* by reviewing the decision of a pension board under the common law writ of certiorari. *Pardue v. Metro. Gov't of Nashville & Davidson County*, No. 01A01-9707-CH-00312, 1998 WL 173208, at *1 (Tenn. Ct. App. Apr. 15, 1998).

Employees' argument that, in *Kendrick,* this Court held section 27-9-114 of the Tennessee Code applied to the decision of a municipal pension board is incorrect. To the contrary, we reiterate that in *Kendrick* we held that "[t]he action of the Board was subject to review by a common law writ of certiorari since the agency was acting in a judicial or quasi-judicial capacity." *Kendrick v. City of Chattanooga Firemen's & Policemen's Ins. & Pension Fund*, 799 S.W.2d 668, 668 (Tenn. Ct. App. 1990) (citing TENN. CODE ANN. § 27-8-101). Likewise, for reasons already discussed, the Employee's reliance on our decision in *Bullard* is misplaced as well. *See Bullard v. City of Chattanooga Firemen's & Policemen's Ins. & Pension Fund*, No. 03A01-9705-CH-00193, 1998 WL 90834, at *1 (Tenn. Ct. App. Mar. 3, 1998) (*citing Kendrick*, 799 S.W.2d at 668).

The overriding contention between the parties, however, is this Court's statement in *Love* to the effect that:

> Although most of the cases arising under T.C.A. § 27-9-114 have to do with employee discharges and suspensions, *see*, *e.g.*, *Wheeler v. City of Memphis*, 685 S.W.2d 4 (Tenn. App. 1984), and *Burns v. Johnson*, 636 S.W.2d 441 (Tenn. App. 1982), we are of the opinion that the statute is not limited to those situations. The term "employment status" encompasses the entire legal relation of the employee to the employer. An employee's eligibility for the retirement benefits is an important aspect of that relation. We therefore hold that the trial court erred in not restricting its scope of review to that applicable to a common law writ of certiorari.

*Love v. Ret. Sys. of the City of Memphis*, No. 27, 1987 WL 17246, at *1 (Tenn. Ct. App. Sept. 21, 1987), *perm. to appeal denied* (Dec. 28, 1987). Given the fact that *Love* was decided under the pre-amendment language of section 27-9-114 of the Tennessee Code and the subsequent decisions by this Court applying the amended language have typically limited the statutes application to discharges, demotions, and the like,[9] our decision in *Love* has become less significant in recent years. *See Holder*, 878 S.W.2d at 951 (addressing a city employee's *discharge*); *see also Pardue v. Metro. Gov't of Nashville & Davidson County*, No. 01A01-9707-CH-00312, 1998 WL 173208, at *1 (Tenn.

---

[9] *See Hughey v. Metro. Gov't of Nashville & Davidson County*, No. M2002-02240-COA-R3-CV, 2003 WL 21849628, at *3 (Tenn. Ct. App. Aug. 8, 2003); *Lien v. Metro. Gov't of Nashville & Davidson County*, 117 S.W.3d 753, 757 (Tenn. Ct. App. 2003); *Howell v. City of Columbia*, No. M2001-00620-COA-R3-CV, 2002 WL 31322529, at *2 n.2 (Tenn. Ct. App. Oct. 16, 2002); *Robbins v. City of Johnson City*, No. E2000-02952-COA-R3-CV, 2001 WL 767020, at *4–5 (Tenn. Ct. App. July 3, 2001); *Mack v. Civil Serv. Comm'n of the City of Memphis*, No. 02A01-9807-CH-00215, 1999 WL 250180, at *2 (Tenn. Ct. App. 1999); *Knoxville Utilis. Bd. v. Knoxville Civil Serv. Merit Bd.*, No. 03A01-9301-CH-00008, 1993 WL 229505, at *9 (Tenn. Ct. App. June 28, 1993); *City of Memphis v. Owens*, No. 02A01-9109CH00202, 1992 WL 227561, at *6 n.1 (Tenn. Ct. App. Sept. 18, 1992); *City of Knoxville v. Popejoy*, No. 03A01-9104-CH-00148, 1991 WL 276796, at *2 (Tenn. Ct. App. Dec. 31, 1991); *Lockridge v. Metro. Gov't of Nashville & Davidson County*, No. 01-A-019103CH00097, 1991 WL 153316, at *1 (Tenn. Ct. App. Aug. 14, 1991); *Lewis v. Metro. Gov't of Nashville & Davidson County*, No. 01-A-01-9006CH00220, 1990 WL 205223, at *2 (Tenn. Ct. App. Dec. 18, 1990); *State v. Civil Serv. Comm'n of the Metro. Gov't of Nashville & Davidson County*, No. 01-A-01-9002-CH00061, 1990 WL 165073, at *3 (Tenn. Ct. App. Oct. 31, 1990).

Ct. App. Apr. 15, 1998) (holding that review of benefit board's decision denying an employee pension benefits is by common law certiorari and not under the UAPA). In addition, when the legislature amended the statute by limiting its application to "civil service boards," it also impliedly limited the nature of the decisions falling under the statute.[10] Therefore, the decisions of the OJI Appeals Panel did not affect the "employment status" of the Employees as we have interpreted that term subsequent to the statutory amendment of section 27-9-114 of the Tennessee Code.

Given the legislature's decision to amend section 27-9-114 of the Tennessee Code by removing the broad language "city or county official or board" and substituting the specific language "civil service boards of a county or municipality," we find that the OJI Appeals Panel does not qualify as a civil service board. In addition, we find that the decision by the OJI Appeals Panel to deny disability benefits to the Employees did not affect their "employment status" as that term is used in the statute and defined by our case law. Accordingly, the chancery court erred by applying section 27-9-114 of the Tennessee Code to the OJI Appeals Panel, thereby making the procedural and judicial review provisions of the UAPA applicable to the OJI Appeals Panel. In this instance, proper judicial review of the decision by the OJI Appeals Panel is by common law writ of certiorari. *See Kendrick v. City of Chattanooga Firemen's & Policemen's Ins. & Pension Fund Bd.*, 799 S.W.2d 668, 668 (Tenn. Ct. App. 1990). Since we have determined that section 27-9-114 of the Tennessee Code does not apply to the OJI Appeals Panel, it is not necessary for this Court to reach the remaining issue.

## Conclusion

For the reasons contained herein, we reverse the decision of the chancery court and find that the City's OJI Appeals Panel is not subject to the provisions of section 27-9-114 of the Tennessee Code. Accordingly, it was error for the chancery court to grant benefits to the Employees based upon the OJI Appeals Panel's perceived failure to comply with the provisions of the UAPA and necessitates our reinstating the decision of the OJI Appeals Panel. Costs of this appeal are taxed against the Appellees, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE

---

[10] We note, and our case law has established, that the decisions presented for review under the broader language "city or county official or board" will necessarily produce a more divergent array of factual circumstances than the more narrow language "civil service board." By limiting review under section 27-9-114 of the Tennessee Code to decisions of a "civil service board," the legislature, in effect, narrowed the meaning of "employment status."